Wayman KIMBALL, Appellant,

v.

STATE of Indiana, Appellee.

No. 285S71.

Supreme Court of Indiana.

Feb. 28, 1985.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This cause comes to us on a Petition to Transfer from the Second District Court of Appeals. Said Petition was brought by Appellee, the State of Indiana. The facts show that on October 20, 1982, at approximately 6:00 a.m., Almeda Conwell was on her way to work when Appellant Wayman Kimball, her ex-boyfriend, approached her on the sidewalk. In the course of general conversation, Conwell noticed a knife in Appellant's hand and grabbed for it. There was a "tussle" during which Conwell was stabbed in the arm and cut slightly on her breast.

The Public Defender's office was designated Appellant's counsel two months prior to trial. On February 1, 1983, the morning

of trial, Appellant appeared with Public Defender David Hennessey. Hennessey requested a continuance of a day or so because he was involved in another trial on an unrelated matter. The judge continued the trial until 1:00 p.m., that day, ordering that someone from the Public Defender's office be present to represent Kimball at that time. At 1:00 p.m., Public Defender Alan Ladd appeared and represented to the court that he had had adequate time to prepare to defend Kimball. However, Ladd requested a continuance to reconsider Appellant's waiver of a jury trial and to complete discovery. The motion was denied, the case heard, and Kimball was convicted of Criminal Recklessness. Kimball was sentenced to an enhanced term of four years imprisonment.

The Court of Appeals, Second District, Buchanan, J., dissenting, held the trial court erred by denying a continuance for a day or so and ordering trial to begin that same day. We now find that the Court of Appeals erred in its determination of this issue and accordingly vacate the opinion of the Court of Appeals, 468 N.E.2d 242, and grant transfer. We consider this issue and other issues raised on direct appeal to the Court of Appeals which were not decided by them. The issues are as follows:

1. whether Appellant was denied effective assistance of counsel;

2. whether the Criminal Recklessness statute is unconstitutional;

3. whether the sitting judge was subject to selection according to Rule 13 of the Rules of Criminal Procedure;

4. whether Appellant knowingly, intelligently and voluntarily waived his right to a jury trial; and

5. sufficiency of the evidence.

I

■ Petitioner, the State of Indiana, contends Appellant was not denied effective assistance of counsel due to the trial court's denial of his motion for a continuance. The State argues that to determine whether the inadequacy of preparation time has deprived a defendant of the right to effective assistance of counsel, one must look at and compare the time of appointment and the conduct at trial. *Marshall v. State*, (1982) Ind., 438 N.E.2d 986, 988. We agree. Further, the appropriate analysis for this issue was stated by Judge Buchanan in his dissenting opinion as follows:

"The adequacy of time allowed for preparation must be determined on a case by case basis, considering the totality of the circumstances, including the complexity of the issues, the necessity for pre-trial motions, the necessity to interview witnesses and whether the defendant is able to assist in the preparation."

*Marshall, supra; Jones v. State*, (1978) 175 Ind.App. 343, 345, 371 N.E.2d 1314, 1316, *trans. denied.*

Analyzing the facts in the case at bar, we do not see the one-half day continuance for preparation as an inadequate amount of time, in light of the nature of the case. The State called only one witness, the victim; there were no witnesses for the defense. In the two months the Public Defender's office represented Appellant prior to trial, the public defender originally assigned to the case made pre-trial motions, received discovery from the State, and interviewed the State's only witness. At trial Public Defender Alan Ladd vigorously cross-examined the State's witness.

■ Moreover, at no time did Alan Ladd move for a continuance due to insufficient time to prepare or indicate any unpreparedness on his part. To the contrary, Alan Ladd, when questioned by the court, represented that he had had adequate time to prepare. Although the fact that Appellant never moved for a continuance is not a waiver of his right to have adequately prepared counsel represent him, it is evident that under the circumstances in this case counsel felt himself adequately prepared to try this case. *Marshall, supra.*

■ Public Defender Alan Ladd did make a motion for continuance at the 1:00 p.m., scheduled trial to reconsider Appellant's waiver of a jury trial and to complete

discovery. Ladd made this motion partly because Defendant's waiver of a jury trial was based on the fact that Defendant was under the impression that the regular judge, as opposed to the judge *pro tempore,* would be presiding over the case. We more fully discuss Defendant's rights with regards to his waiver of a jury in Issue IV, *infra.* However, we note here Appellant was not entitled to a continuance for this reason. Ladd's motion for a continuance to complete discovery was based on the fact that the prosecuting attorney failed to list the only witness, the victim, in the information as a witness. However, the victim was listed in the information, the Public Defender's office had actual knowledge she was going to be called as a witness, and a Deputy Public Defender even interviewed her. The trial court rejected Appellant's claim of a need to complete discovery because Appellant was fully aware the prosecutor intended to call the victim as a witness. Therefore, any lack of discovery at the time of trial was due to Appellant's lack of diligence, not the failure to state the victim would be called as a witness in the information. The trial court did not err by denying Appellant's motion for continuance to complete discovery or to reconsider Appellant's waiver of a jury trial.

For the foregoing reasons we hold Appellant was not deprived of the effective assistance of counsel due to counsel's being inadequately prepared for trial.

## II

Next Appellant argues the Indiana Criminal Recklessness statute, Ind.Code § 35–42–2–2 (Burns Supp.1984), is unconstitutional because it lacks a *mens rea* element which is required by due process. Ind.Code § 35–42–2–2(a) (Burns Supp.1984), in pertinent part provides as follows:

"(a) A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness, a Class B misdemeanor. However, the offense is a:

(1) Class A misdemeanor if the conduct includes the use of a vehicle; or

(2) Class D felony if it is committed while armed with a deadly weapon."

The culpability element of the offense of Criminal Recklessness is "recklessly, knowingly or intentionally." *Id.* Ind.Code § 35–41–2–2(c) (Burns 1979) defines recklessly as follows:

"(c) A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct."

■ We stated in *Humes v. State,* (1981) Ind., 426 N.E.2d 379, (emphasis added) the following:

"... it is clear that the offense of recklessness in the present statutory scheme must include the essential element of reckless behavior and is a *general intent* offense .... it is clear that the crime of recklessness does not require an intent to accomplish a result which would constitute a crime. Recklessness is shown by a disregard for the harm that might result and the offense is not a specific intent crime."

Appellant argues our Criminal Recklessness statute does not require either general or specific intent and is therefore a strict liability crime. We reject Appellant's argument and in accord with *Humes* find the Criminal Recklessness statute requires a general intent. Therefore, the statute is not lacking a *mens rea* element as required by due process and is constitutional. Appellant has failed to present any error by raising this issue.

## III

Appellant argues that because the trial judge in this case was assigned to try the case, sentence the accused, and rule on the Motion to Correct Errors, the judge was a special judge whose appointment must comply with Ind.R.Crim.P. 13. Appellant urges reversible error due to the trial court's failure to follow the mandates of this rule.

Judge Stanley, the judge presiding at trial, signed all documents in the record and is consistently referred to therein as judge *pro tempore.* Ind.R.Crim.P. 13 applies only to a special judge, not to a judge *pro tempore.* The difference between a special judge and a judge *pro tempore,* as first distinguished in *State ex rel. Hodshire v. Bingham,* (1941) 218 Ind. 490, 33 N.E.2d 771, is a judge *pro tempore* is appointed for the term or some part thereof, during which time he exercised all the functions of the regular judge, whereas a special judge is appointed to act in a particular case, and his authority continues until the case is finally disposed of, unless the venue is changed. *State ex rel. Smith v. Circuit Court, Delaware County,* (1952) 231 Ind. 173, 108 N.E.2d 58. Appellant argues that because Judge Stanley stayed with his case after hearing it, by pronouncing sentence and ruling on his motion to correct errors, Judge Stanley constituted a special judge. However, whether Judge Stanley stayed with Appellant's case until it was finally disposed of is not the distinguishing factor between a special judge and a judge *pro tempore.* Further, Appellant does not allege or support the allegation that Judge Stanley was appointed to act only in Appellant's case. Appellant also fails to allege Judge Stanley was not appointed for a term or some part thereof, during which time Judge Stanley was to exercise all the functions of a regular judge. Consequently, Appellant has failed to present any support for his allegation that Judge Stanley was a special judge and that Ind.R.Crim.P. 13 should have governed in this case.

### IV

Appellant contends his waiver of a jury trial was defective because it was based on a reasonable belief that the regular judge of the court would preside at trial. Our research reveals Appellant presents a novel argument, but one lacking persuasiveness.

Appellant states that in *Williams v. State,* (1974) 159 Ind.App. 470, 307 N.E.2d 880, 885, *trans. denied,* the Court

of Appeals held, "the trial court has an affirmative duty to make an investigation when information is received that a waiver of a constitutional right was induced by promises emanating from plea bargain negotiations." Likewise, Appellant argues, had Appellant waived jury trial on assurances given by the trial court or prosecutor which they later reneged upon, his waiver would not have been given voluntarily, knowingly, and intelligently. To this extent we agree with Appellant. However, Appellant next progresses to a statement with which we cannot agree when he argues that even if there was no affirmative inducement by the trial court or prosecutor, the waiver was defective if it was based on a reasonable belief that he would be entitled to a trial by the regular judge of the court.

A knowing, intelligent and voluntary waiver of a jury trial may be accomplished by a written waiver or in open court. *Rodgers v. State,* (1981) 275 Ind. 102, 415 N.E.2d 57; *see Johnson v. State,* (1983) Ind., 455 N.E.2d 932, 935, *reh. denied.* Appellant's waiver was made in writing. No conditions were attached to the waiver. We fully agree with the State's contention that no defendant can be given, nor should expect, an absolute right to have the regular judge of the court preside at trial. *Compare Cole v. State,* (Ind.1985) 475 N.E.2d 306. Consequently, we find no merit to Appellant's argument that he did not knowingly, intelligently, and voluntarily waive his right to a jury trial because he was under the mistaken belief that the regular trial judge would preside over his case.

### V

Finally, Appellant argues there was insufficient evidence of probative value to sustain his conviction. Our standard of reviewing a sufficiency question is stated in *Anderson v. State,* (1984) Ind., 469 N.E.2d 1166, 1169, as follows:

"When reviewing the sufficiency of the evidence this Court will not weigh the

evidence or determine the credibility of witnesses. Rather, we will consider only that evidence which is favorable to the State, together with all logical and reasonable inferences to be drawn therefrom. The verdict will be upheld so long as there is sufficient evidence of probative value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (citations omitted)."

In this case the Appellant met his ex-girlfriend at 6:00 a.m., knowing that was her regular time to go to work. He confronted her with the possibility of a reconciliation. There is a conflict in the evidence as to whether they began arguing. When Appellant pulled out a knife, the victim grabbed for it to protect herself. A physical struggle ensued and Appellant stabbed the victim.

A conviction of Criminal Recklessness requires a showing that the accused recklessly, knowingly, or intentionally performed an act that created a substantial risk of bodily injury to another person. The Appellant recklessly, knowingly or intentionally performed the act of pulling out a knife while trying to discuss a reconciliation with his ex-girlfriend which created a risk and, in fact, resulted in bodily injury to the victim. There is, therefore, sufficient evidence to sustain the guilty verdict.

Finding no reversible error, we affirm the trial court in all things.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.