**Gerald W. BIVINS, Appellant
(Petitioner below),**

v.

**STATE of Indiana, Appellee
(Respondent below).**

No. 584S198PS.

Supreme Court of Indiana.

Nov. 21, 1985.

Susan K. Carpenter, Public Defender of Ind., Kathryn Kelley, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Gerald W. Bivins was convicted of robbery while armed with a deadly weapon, a class B felony, at the conclusion of a jury trial before the Vanderburgh Circuit Court. On May 7, 1981 he was sentenced to thirteen years imprisonment. This Court affirmed the conviction on direct appeal. *Bivins v. State* (1982), Ind., 433 N.E.2d 387. Appellant subsequently filed a petition for post-conviction relief pursuant to Ind.R.App.P. 4(A)(7) and Ind.R.P.C. 1 § 7. The trial court denied Appellant's petition and he now directly appeals.

Appellant's arguments raise three issues for consideration:

1.) whether the trial court erred in allowing the State to argue the defense of waiver over Appellant's allegation that such defense was not raised in the State's response to Appellant's petition for post-conviction relief;

2.) whether the trial court erred in finding Appellant had waived his right to challenge the improper selection of the special judge; and

3.) whether the trial court erred in finding Appellant received effective assistance of counsel.

We note first that in a proceeding for post-conviction relief the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1, § 5. We will not set aside the trial court's ruling on the post-conviction petition unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *McHugh v. State* (1984), Ind., 471 N.E.2d 293, 294–295.

Appellant filed his first *pro se* Petition for Post-Conviction Relief on July 1, 1982, alleging incompetency of counsel and inadequate time to prepare for trial. On July 28, 1982 the State responded with an answer generally denying both allegations. While the record is unclear, it appears Appellant withdrew his initial petition by writing a letter to the trial court clerk for that purpose. A court entry on January 10, 1983 states, "Comes now [Appellant], *pro se,* and [files] letter with the court withdrawing his Post-Conviction Relief Petition."

On March 2, 1983 Appellant filed an amended *pro se* petition, alleging unlawful search of an automobile, lack of jurisdiction on the part of the trial judge, ineffective assistance of counsel, compulsion to incriminate himself, violation of his right to be free from self-incrimination, and the existence of newly discovered evidence. The State responded by way of a Motion to Dismiss on March 17, 1983, based on the proposition that all of the issues raised in the petition were either raised and adjudicated on appeal or could have been so raised, and thus were waived. Again Appellant attempted to withdraw his second petition by filing a motion expressing such an intent with the trial court clerk. It is unclear whether or not the trial court ruled on this motion, but subsequently Special Judge Randall T. Shepard issued an order in response to Appellant's Motion to Correct and Settle the Record, which order shows the second *pro se* petition was in fact withdrawn.

On September 26, 1983 Appellant filed the instant Petition for Post-Conviction Relief, essentially the same as the second petition, alleging unlawful search of an automobile, lack of jurisdiction on the part of the trial judge, ineffective assistance of counsel, and violation of his right to be free from self-incrimination. The only significant difference between the second and third petitions is that the latter excludes an allegation of compulsion to incriminate Appellant's self and the existence of newly discovered evidence. The State made no response to this third *pro se* Petition for Post-Conviction Relief.

In addition to representing himself on a number of motions, Appellant was represented by three separate attorneys and by the Public Defender's office at times. Appellant also moved for the appointment of a legal adviser from Pendleton, Indiana, which motion was denied.

I

Appellant claims the court erred in allowing the State to argue the defense of waiver over his allegation that such defense was not raised in the State's response to his Petition for Post-Conviction Relief. Specifically, Appellant maintains that no answer was ever filed to his final petition. While he acknowledges that responses were made to the first two petitions, Appellant argues that neither complied with the requirement that an affirmative defense be raised by a responsive pleading. Appellant does not view the State's Motion to Dismiss his second petition as a valid response to his third petition.

■ *Harrington v. State* (1984), Ind. App., 466 N.E.2d 1379, 1381, *tr. denied,* cited by Appellant, is principally concerned with what constitutes laches. There we expressly limited our concern to whether or not there was sufficient evidence to establish the State's defense of laches. *Id. Harrington* does not, as Appellant interprets the case, stand for the proposition that affirmative defenses cannot be raised by filing motions to dismiss. In *Harrington* the State failed to plead laches as an affirmative defense, although they did file a Motion to Dismiss, so grounded. Here the State did not plead waiver as an affirmative defense although it did file a Motion to Dismiss based on waiver. In *Harrington* we found no question concerning the State's failure to affirmatively plead laches, and deemed the State's answer amended to raise the issue. *Id.* Likewise, in the present case, the State's Motion to Dismiss, based on the defense of waiver, served to raise that issue.

■ Furthermore, we have held where the State has raised legitimate defenses by its answer to a prior filed post-conviction relief petition, that answer is deemed a sufficient challenge to a later filed petition that raises the same issues as did the earlier petition; the filing of an additional answer is unnecessary. *State v. Fair* (1983), Ind., 450 N.E.2d 66, 69. Here, by way of a Motion to Dismiss the second petition, that answer is deemed sufficient to challenge Appellant's third petition, which was essentially identical to the second.

## II

■ Appellant also maintains the court erred in finding he had waived his right to challenge the improper selection of the special judge, and that if such was not waived any error was harmless. Appellant points out that Ind.R.Crim.P. 13 provides the exclusive manner for selecting special judges, alternately striking from a panel of three names. It is clear in the present case that this method was not utilized, and Appellant claims such failure to comply with the rule was reversible error, the special judge having no authority to serve. These propositions by Appellant are correct, but they attempt to shift the focus toward the impropriety of the selection, and away from the real issue, whether Appellant waived his right to challenge that selection.

We have held that where a defendant does not object to an irregularity in the appointment of a special judge, he accepts the appointment, submits to the jurisdiction, and waives the irregularity. *Powell v. State* (1982), Ind., 440 N.E.2d 1114, 1117; *State Ex Rel. Smith v. Starke Circuit Court* (1981), 275 Ind. 483, 498, 417 N.E.2d 1115, 1123. Here the evidence shows that there was at least a conflict as to whether Appellant was aware of the special judge being appointed. The docket sheet for the trial read, "Parties *having no objection* to Judge Palmer trying this case, the Honorable Walter H. Palmer is named special judge in the within cause." Other evidence showed Appellant was aware that a special judge was being appointed, as the trial judge in this petition found. Since Appellant was aware of the irregularity and did not object to it, any error therein is waived. Additional support for this conclusion is garnered from the fact that Appellant has shown no prejudice to his cause by virtue of the improper appointment.

## III

Appellant's final argument is that he did not receive effective assistance of counsel. As support for this allegation of error he points out that his counsel had insufficient time to prepare yet did not seek a continuance, and that his counsel was unaware of the appropriate procedure for selection of a special judge. His counsel was appointed one week prior to trial, met with Appellant for two or three hours, and testified he felt adequately prepared. Trial counsel failed to object to the improper selection of the special judge.

In order to show ineffective assistance of counsel, Appellant must establish that counsel's performance was deficient and that such deficiency prejudiced his case. *Elliott v. State* (1984), Ind., 465 N.E.2d 707. Appellant must show that in light of the circumstances the identified acts or omissions of counsel were outside the wide range of professionally competent assistance consistent with elaborated prevailing professional norms. He must further show there is a reasonable probability but for counsel's unprofessional error the result of the proceeding would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693, U.S. *reh. denied* (1984), —— U.S. ——, 104 S.Ct. 3562, 82 L.Ed.2d 864; *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 96, *reh. denied* (1985); *Elliott*, Ind., 465 N.E.2d at 710.

■ In the present case trial counsel used the seven days prior to trial to meet with Appellant on a number of occasions, and to subpoena each witness Appellant

suggested. Trial counsel felt he was adequately prepared and raised six separate issues at trial, one issue even being a question of first impression. This case is unlike *Kimball v. State* (1985), Ind., 474 N.E.2d 982, cited by .Appellant. There the attorney went to trial never having consulted with the defendant. Here the evidence showed trial counsel to be adequately prepared. Appellant fails to show what evidence or witnesses could or might have been obtained but for the lack of time; in other words, he fails to show how he was prejudiced by the alleged insufficient time.

In *Kimball*, we set forth the standard for determining whether inadequacy of preparation has deprived a defendant of effective assistance of counsel. One must look at and compare the time of appointment and the conduct at trial, considering the totality of circumstances on a case-by-case basis, including the complexity of the issues, necessity for pre-trial motions, necessity to interview witnesses, and whether the defendant is able to assist in the preparation. *Id.* at 984, *citing Marshall v. State* (1982), Ind., 438 N.E.2d 986, 988. Using this standard it cannot be said that one week was insufficient time to prepare in this case.

■ It is clear that trial counsel failed to object to the improper selection of the special judge. In reviewing an issue of this type we look to the totality of the facts and circumstances to determine whether Appellant received adequate representation. *Kalady v. State* (1984), Ind., 462 N.E.2d 1299, 1309. In light of all the facts, this one failure to object by trial counsel, coupled with the fact that it in no way prejudiced Appellant, does not rise to the level of ineffective counsel.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

SHEPARD, J., not participating.