## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 25 2015, 6:08 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Aaron Isby | Gregory F. Zoeller |
| Carlisle, Indiana | Attorney General of Indiana |
| | Aaron T. Craft |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aaron Isby, | November 25, 2015 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 77A01-1504-PL-132 |
| v. | |
| | Appeal from the Sullivan Superior Court. |
| Bruce Lemmon, as Commissioner of the Indiana Department of Correction, and the Indiana Parole Board, | The Honorable Christopher Newton, Special Judge. |
| *Appellees-Defendants.* | Cause No. 77D01-1102-PL-47 |

**Shepard, Senior Judge**

[1] Though he is in the course of serving a forty-year sentence for attempted murder, Aaron Isby contends in this proceeding that the trial court should have ordered him released from prison. We affirm the court's denial of what Isby

characterized as an action for declaratory judgment.  The trial court rightly entertained it as a habeas.

## Facts and Procedural History

[2] Isby's record of convictions, sentences, and pro se petitions makes outlining his status something of a challenge, but rather than elaborate on his seven convictions and a contempt sentence, we think the crucial timelines are these: (1) a thirty-year sentence for class A robbery, imposed in 1988, from which he was released in 2008; (2) a ninety-day sentence for contempt of court, which he began serving after finishing his sentence for robbery; and (3) a forty-year sentence for an attempted murder he committed while in prison, a sentence that began to run in 2009 after he finished his sentence for contempt.

[3] In 2010, Isby filed a complaint for declaratory and injunctive relief, contending that he was entitled to immediate release.  The case was transferred to Sullivan County, where Isby is presently confined.  After an appeal which produced a change of judge, Special Judge Christopher Newton granted the State's motion for summary judgment.

## Discussion and Decision

### I.  Was Judge Newton Properly Appointed?

[4] As a preliminary matter, Isby contends that Judge Newton was wrongly appointed.  After the change of judge was granted, a panel was named and the parties struck.  The judicial officer who remained after striking declined to

serve, so the appointment was referred to the judicial district's presiding judge, under the district plan created pursuant to Indiana Trial Rule 79. The presiding judge designated Judge Newton, who presided over the case for several years and entered the decision now under appeal.

[5] Isby now contends, for the first time, that Newton could not serve because Isby struck Judge Newton from the panel. The State correctly replies that a party must object to a special judge's authority at the time of the appointment, or the issue is waived. *Bivins v. State*, 485 N.E.2d 89 (Ind. 1985). Moreover, judges who were struck during the panel process are eligible for appointment under district plans. Ind. Trial Rule 79(J).

## II. Was It Correct to Treat Isby's Action as a Habeas?

[6] Isby's contention has been that he was not seeking to challenge the validity of his sentence or conviction or to seek "immediate discharge," such that his case is not properly treated as a habeas matter. The State points out that Isby's prayer for relief has always been "release from prison." Appellees' Br. p. 23.

[7] Examining the relationship between the Declaratory Judgment Act and habeas corpus, the Supreme Court has held that the former is not available to a prisoner who has an adequate remedy in habeas. *Hinkle v. Howard*, 225 Ind. 176, 73 N.E.2d 674 (1947). *Accord Madden v. Houck*, 403 N.E.2d 1133, 1135 (Ind. Ct. App. 1980) (the Declaratory Judgment Act "was not intended to eliminate well-known causes of action, where the issues are ripe for litigation

through the usual processes"). Isby's request to be released from prison was properly treated as a habeas request by the trial court.

## III. Was Judgment for the State an Error?

In 2008, the Indiana Parole Board replied to a letter from Isby by saying that his projected parole date was in 2009. Isby says that this letter estops the State from arguing that he has not completed his sentence obligations, that his tendering of the letter in this proceeding creates a question of fact making summary judgment improper, and that the State's failure to release him thus violates Equal Protection.

The Parole Board's letter to Isby was correct, as far as it went. In early 2009, Isby completed the executed portion of his robbery sentence and the ninety days he owed on the contempt. The Board's letter made no mention of the fact that Isby was to begin serving his sentence for attempting to murder a prison guard after these two obligations ran their course. It may be that Isby's letter to the Board did not mention his sentence for attempted murder, just as he has argued here that it was improper for Judge Newton to take cognizance of that conviction in deciding that Isby was not entitled to an order releasing him from prison. Or, it may be that the Board responded to Aaron Isby thinking that he and Aaron Israel were two different people, as appellant has used both names.

In any event, the forty-year conviction and sentence for attempted murder appear not actually to be under attack. There are no disputes of material fact, and the trial court properly granted judgment to the State.

# Conclusion

[11] We affirm the judgment of the trial court.

[12] Affirmed.

Vaidik, C.J., and Bradford, J., concur.