## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 26 2020, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael J. Cochran,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 26, 2020

Court of Appeals Case No.
19A-CR-1771

Appeal from the Tippecanoe
Superior Court

The Honorable Randy J. Williams,
Judge

Trial Court Cause Nos.
79D01-1809-F1-10
79D01-1906-F5-105

**Najam, Judge.**

# Statement of the Case

Michael Cochran appeals his convictions for two counts of child molesting, as Level 1 felonies; two counts of child molesting, as Level 4 felonies; and false informing, as a Class B misdemeanor, and his adjudication as a habitual offender, following a bench trial. Cochran presents two issues for our review:

1. Whether his jury trial waiver was made knowingly, voluntarily, and intelligently.

2. Whether the trial court abused its discretion when it admitted certain evidence.

We affirm.

# Facts and Procedural History

In August 2018, then thirteen-year-old R.F. was dating J.C., who is Cochran's teenaged son. On a few occasions during that month when R.F. was at Cochran's house, Cochran "started kissing" R.F. and "started touching [her] boobs" and her "butt." Tr. Vol. 1 at 45. Cochran also digitally penetrated R.F.'s vagina, performed oral sex on her, and attempted to have intercourse with her. On September 13, R.F. went to Cochran's house to see J.C., but he was not home. R.F. stayed and played with one of Cochran's daughters. At some point, Cochran told R.F. to come into his bedroom. She tried to resist, but he insisted, and she complied. Once in the bedroom, Cochran "started touching [R.F.] and . . . kissing [her] and [she] told him to stop and then he put on a condom . . . and he then . . . tried to put [his penis] inside [her vagina]."

*Id.* at 37. Cochran also performed oral sex on R.F. and digitally penetrated her vagina. R.F. repeatedly asked him to stop, but he refused. At some point, he told her to play with her phone. So R.F. opened her phone and took a photograph of Cochran while he was performing oral sex on her.

[4] Eventually Cochran left the bedroom, and R.F. went into a bathroom. Once there, R.F. called Cochran's wife, Deborah, and told her what had happened. Deborah came home, looked at the photo R.F. had taken of Cochran during the incident, saw a wet spot on the bed, and confronted Cochran. Cochran began yelling at R.F. and threatened to break her phone. R.F. left the house and began riding her bike home. Within minutes, Deborah left the house in her vehicle, found R.F. riding her bike, and drove her home. When Deborah and R.F. arrived at R.F.'s home, R.F. told her mother what Cochran had done, and R.F.'s mother called the police.

[5] The State charged Cochran with three counts of child molesting, as Level 1 felonies, two counts of child molesting, as Level 4 felonies, and false informing,[1] as a Class B misdemeanor. The State also alleged that Cochran is a habitual offender. Cochran filed a written waiver of his right to a jury trial. At the conclusion of a bench trial, the trial court found him guilty of two counts of child molesting, as Level 1 felonies, two counts of child molesting, as Level 4 felonies, and false informing, as a Class B misdemeanor. The trial court also

---

[1] The parties do not explain the factual basis for the false informing charge, and the charging information merely sets out the statutory elements without reference to any facts.

adjudicated Cochran to be a habitual offender. The trial court entered judgment of conviction accordingly and sentenced Cochran to thirty-six years for each Level 1 felony conviction; ten years for each Level 4 felony conviction; 180 days for the Class B misdemeanor; and twenty years for the habitual offender adjudication. Cochran's aggregate sentence is sixty-six years, and the trial court ordered that that sentence would run consecutive to Cochran's five-year sentence in another cause. This appeal ensued.

## Discussion and Decision

### Issue One: Jury Trial Waiver

Cochran first contends that his jury trial waiver was not made knowingly, voluntarily, and intelligently. As this Court has observed,

> [t]he right to a trial by jury is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution and by Article 1, § 13 of the Indiana Constitution, and may be waived by a knowing, intelligent and voluntary waiver. *Poore v. State*, 681 N.E.2d 204, 206 (Ind. 1997); *Robey v. State*, 555 N.E.2d 145, 148 (Ind. 1990). The defendant must express his personal desire to waive a jury trial and such personal desire must be apparent from the record. *Poore*, 681 N.E.2d at 206.

> *Coleman v. State*, 694 N.E.2d 269, 278 (Ind. 1998). "A knowing, intelligent and voluntary waiver of a jury trial may be accomplished by a written waiver or in open court." *Kimball v. State*, 474 N.E.2d 982, 986 (Ind. 1985). "[E]ven though it may be preferable for the trial court, by way of an on-the-record hearing, to advise the defendant of his right to trial by jury and the

consequences of waiving that right, such is not required by either the United States or the Indiana constitutions, or by statute." *Hutchins v. State*, 493 N.E.2d 444, 445 (Ind. 1986).

*McSchooler v. State*, 15 N.E.3d 678, 682-83 (Ind. Ct. App. 2014).

Here, on March 29, 2019, Cochran and his attorney signed a "Waiver of Trial by Jury and Motion to Set for Bench Trial." Appellant's App. Vol. 2 at 98. The waiver stated as follows:

> 1. The Defendant can read, write and understand English.
>
> 2. The Defendant has been fully advised by the Court and by counsel of his constitutional right to a trial by jury.
>
> 3. The Defendant hereby waives his constitutional right to a trial by jury in the above-captioned cause and asks that this cause be submitted to the Court without intervention of a jury.
>
> 4. No person has made any promise or suggestion of any kind to the defendant, or within his knowledge to anyone else, that the Defendant would receive any favors, special treatment or any other form of leniency if the Defendant would decide to waive his right to a jury trial in this case.
>
> 5. No person has made any threat of any kind to him, or within his knowledge to anyone else, to coerce him into waiving his right to a jury trial in this case.
>
> 6. The Defendant freely, knowingly, and voluntarily made an[d] executed the waiver of this right to a jury trial.
>
> WHEREFORE, the Defendant by counsel, hereby waives his right to a jury trial guaranteed by the Indiana and U.S. Constitutions and requests this Court to set this matter for a

bench trial at the Court's earliest convenience, and for all other relief just and proper in the premises.

*Id.* at 98-99.

[8] Cochran's contention on appeal is two-fold. First, he asserts that "the record is devoid of any personal colloquy between Cochran and the trial court regarding a waiver of his right to a jury trial." Appellant's Br. at 8. But it is well settled that a defendant's written waiver, without a colloquy between the trial court and the defendant, is sufficient. *McSchooler*, 15 N.E.3d at 682-83. Second, Cochran suggests that his written waiver is inadequate because it does not include certain provisions set out under *federal* court guidelines. For instance, Cochran asserts that his waiver was inadequate because it did not inform him about: the number of jurors that would comprise a jury; his participation in jury selection; the requirement that a jury verdict be unanimous; and that the court would decide his guilt or innocence in a bench trial. We rejected a similar argument by the defendant in *McSchooler*. 15 N.E.3d at 683. We observed that the federal guidelines are not binding on state courts and, in any event, that the suggested provisions for a written jury trial waiver are merely *guidelines* and are not mandatory. *Id.* at 683-84. We agree with the State that Cochran's written waiver adequately informed him of his right to a jury trial. And we hold that Cochran's jury trial waiver was made knowingly, voluntarily, and intelligently.

### *Issue Two: Admission of Evidence*

[9] Cochran next contends that the trial court abused its discretion when it admitted into evidence his video-recorded statement to police. The decision to admit or exclude evidence lies within the sound discretion of the trial court, and we will not disturb the trial court's decision absent a showing of an abuse of that discretion. *Oaks v. Chamberlain*, 76 N.E.3d 941, 946 (Ind. Ct. App. 2017). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

[10] Cochran maintains that his statement was not voluntary under the totality of the circumstances. He asserts that he made two comments during the approximately thirty-minute-long statement that indicate that his "mental state" was such that his statement was not voluntary. Appellant's Br. at 11. In particular, in an apparent attempt to lessen his culpability in the molestations, Cochran told Detective Brad McDole that Cochran "should be put in a mental hospital for his mental problems" and that he had "a desire to mutilate his reproductive organs." *Id.*

[11] Cochran does not support his contention on this issue with cogent argument. Cochran sets out the case law stating that a statement must be voluntary and that the voluntariness of a statement is determined by considering "the totality of the circumstances, including any element of police coercion; the length, location and continuity of the interrogation; and the maturity, education, physical condition and mental health of the defendant." *Id.* (citing *Sage v. State*,

114 N.E.3d 923, 928 (Ind. Ct. App. 2018)). But, other than his reference to the two comments regarding his "mental state," Cochran does not address any of the other circumstances relevant to the totality of the circumstances. Further, Cochran does not explain why his two comments indicate that his statement was not voluntary.[2]

[12] We cannot say that Cochran's comments demonstrate that his statement was not made voluntarily. Indeed, despite the brief, generic reference to his "mental problems," nothing in Cochran's statement indicates that he was in any way incompetent to give the statement. Cochran has not satisfied his burden on appeal to show that the trial court abused its discretion when it admitted into evidence his video-recorded statement to police.

[13] Affirmed.

Vaidik, J., and Tavitas, J., concur.

---

[2] For instance, Cochran does not allege or demonstrate that his comments prove an impaired mental state.