STATE EX REL. CROWMER ET AL. *v.* SUPERIOR COURT OF MARION COUNTY, NIBLACK, JUDGE.

[No. 29,487. Filed November 13, 1957. Rehearing denied February 24, 1958.]

*Michael B. Reddington,* Corporation Counsel, *Charles S. White,* Assistant City Attorney, for relator Board of Zoning Appeals of the City of Indianapolis.

*Hollowell & Hamill,* of Indianapolis, for relators Hilbert L. Crowmer and Ruby C. Crowmer.

*Armstrong, Gause, Hudson & Kightlinger* and *Aribert L. Young,* of counsel, of Indianapolis, for the respondents.

LANDIS, J.—Relators have filed petition for writ of mandate and prohibition in this court asking that respondent court be ordered to dismiss a certain action pending in respondent court to review by certiorari a decision of the Board of Zoning Appeals of the city of Indianapolis, and also asking that respondent be enjoined from entering any further proceedings in said cause. We issued the alternative writ prayed for.

From relator's petition and respondent's return it appears that relators Hilbert and Ruby Crowmer filed with the Board of Zoning Appeals their petition for a variation from the requirements of the zoning provisions of the Municipal Code of the city of Indianapolis. The petition for a variance was granted by the Board on July 13, 1956, and on August 10, 1956, pursuant to statute,[1] petitioners George and Mary Lawler

1. The applicable statutes (Burns' Indiana Statutes, §53-783, 1957 Supp., §§53-784 and 53-785, 1951 Replacement) are as follows:

"53-783. Decision of board of zoning appeals—Review by certiorari—Petition to county courts by aggrieved—Change of venue from county precluded.—Every decision of the board of zoning appeals shall be subject to review by certiorari.

"Any person or persons, firm or corporation jointly or severally aggrieved by any decision of the board of zoning appeals, may present to the circuit or superior court of the county in which the premises affected is located a petition, duly verified, setting fourth that such decision is illegal, in whole or in part, and specifying the grounds of the illegality. The petition shall be presented to the court within thirty [30] days after the entry of the decision or order of the board of zoning appeals complained of.

"No change of venue from the county in which the premises affected is located shall be had in any cause arising under the provisions of this section." (Acts 1947, ch. 174, §82, p. 571; 1951, ch. 291, §5, p. 935.)

"53-784. Proceedings for certiorari—Notice to adverse parties —Defined—Service of writ of certiorari to constitute notice.— On filing a petition for a writ of certiorari with the clerk of the circuit or superior court of the county in which the premises affected are situated, the petitioner shall cause a notice to be issued and served by the sheriff of the county upon the adverse party or parties, if any, as shown by the record of the appeal in the office of the board of zoning appeals.

"The adverse party or parties shall be any property-owner whom the record of the board of zoning appeals shows to have appeared at the hearing before the board in opposition to the petitioner. If the record shows a written remonstrance or other document opposing the request of the petitioner containing more than three [3] names, the petitioner shall be required to cause notice to be issued and served upon the three [3] property-owners whose names first appear upon the remonstrance or document. Notice to the other parties named shall not be required.

"The notice shall state that a petition for a writ of certiorari has been filed in the circuit or superior court of the county, as the case may be, asking for a review of the decision of the board of zoning appeals, designating the premises affected and the date of the decision and the time fixed for the return of the writ of certiorari by the board of zoning appeals.

"The service of the writ of certiorari by the sheriff on the chairman or secretary of the board of zoning appeals shall constitute notice to the board and to the city or any official or board thereof charged with the enforcement of the zoning ordinance, and no further summons or notice with reference to the filing of such petition shall be necessary." (Acts 1947, ch. 174, §83, p. 571.)

"53-785. Presentation of petition for writ of certiorari—Writ allowed upon failure to show cause.—Upon presentation of a petition for a writ of certiorari, the circuit or superior court of the county in which the premises affected are situated, or a judge thereof in vacation shall direct the board of zoning appeals within twenty [20] days from the date of such citation, to show cause why a writ of certiorari should not issue. If such board fails to show to the satisfaction of the court that a writ should not issue then the court may allow a writ of certiorari directed

filed petition for certiorari in the Superior Court of Marion County, Room 1, and said matter was docketed as Cause No. C-21156 of said court.

Said petition was on said August 10, 1956, presented to the Honorable Lloyd D. Claycombe who at said time was the duly elected qualified and acting judge of the Circuit Court of Marion County. The said Lloyd D. Claycombe did on said August 10, 1956, sign a rule directing relator, the Board of Zoning Appeals, to show cause why a writ of certiorari should not issue and signed said rule as "Judge of Marion Superior Court in Vacation, P. T. [pro tem]."

Thereafter, relators filed before the Honorable John L. Niblack, regular judge of respondent court, on September 4, 1956, motion to dismiss and a demurrer to the petition for certiorari, attacking the jurisdiction of respondent court over the subject matter and the person, which were overruled.

Petitioners George and Mary Lawler thereafter filed motions for *nunc pro tunc* entries to cause the court records to show the appointment of Lloyd D. Claycombe as Judge Pro Tem of Superior Court, Room 1, and of the General Term of the Superior Court of Marion County, for the period from August 6 to August 10, 1956. The motions were overruled.

Relators contend in this case that respondent court has no jurisdiction of the subject matter of the petition for writ of certiorari nor of the parties, as the petition which was filed and docketed in respondent court was never presented to the judge of respondent court as required by statute but was instead presented

to the board of zoning appeals. The writ shall prescribe the time in which a return shall be made to it. This time shall not be less than ten [10] days from the date of issuance of the writ and may be extended by the court or judge thereof." (Acts 1947, ch. 174, §84, p. 571.)

to Lloyd D. Claycombe who had not been appointed judge pro tem of respondent court.

Respondent, however, contends among other things, that the said Lloyd D. Claycombe was so appointed judge pro tem of respondent court by order of March 5, 1956 for the period from August 6 to August 10, 1956, inclusive.

What does the alleged order of March 5 provide? It is as follows:

MARCH 5th, 1956    1st JUDICIAL DAY

MARCH TERM

At a meeting of the General Term of the Superior and Circuit Court of Marion County, met pursuant to notice and adopted the following schedule of service for the respective Judges during the summer vacation.

SCHEDULE FOR THE COURTS FOR THE SUMMER 1956

SUPERIOR COURT ROOM 3

| | | | |
|---|---|---|---|
| JUDGE BRENNAN | JULY | 2 - 6 | incl. |
| | JULY | 9 - 13 | incl. |

SUPERIOR COURT ROOM 2

| | | | |
|---|---|---|---|
| JUDGE PIKE | JULY | 16 - 20 | incl. |

SUPERIOR COURT ROOM 4

| | | | |
|---|---|---|---|
| JUDGE PRITCHARD | JULY | 23 - 27 | incl. |
| | JULY | 30 - AUG 3 | incl. |

CIRCUIT COURT

| | | | |
|---|---|---|---|
| JUDGE CLAYCOMBE | AUGUST | 6 - 10 | incl. |

SUPERIOR COURT ROOM 1

| | | | |
|---|---|---|---|
| JUDGE NIBLACK | AUGUST | 13 - 17 | incl. |

SUPERIOR COURT ROOM 5

| | | | |
|---|---|---|---|
| JUDGE CLARK | AUGUST | 20 - 24 | incl. |
| | AUGUST | 27 - 31 | incl. |

Hearings on interlocutory orders for Room ONE, TWO, AND THREE SHALL BE HEARD ON TUESDAYS: FOR ROOMS FOUR, FIVE AND CIRCUIT COURT ON WEDNESDAYS:

INSANITIES AND BIRTH CERTIFICATES ON THURSDAYS:

During vacation period emergency matters only shall be heard, not including citations exclusively for nonpayment of attorney's fees. Court shall be open each morning from Monday thru Friday.

Only in extreme emergencies shall hearings be had for modification of orders as to custody, as the Judge who heard evidence as to the original order is better qualified to pass upon modification, unless such emergency exists.

(Signed) JUDGE JOHN L. NIBLACK,

SUPERIOR 1

(Signed) JUDGE WALTER PRITCHARD,

SUPERIOR 4

(Signed) JUDGE HEZZIE B. PIKE,

SUPERIOR 2

(Signed) JUDGE PAUL B. CLARK,

SUPERIOR 5

(Signed) JUDGE NORMAN E. BRENNAN,

SUPERIOR 3

(Signed) JUDGE LLOYD D. CLAYCOMBE,

CIRCUIT COURT

(Signed) JUDGE WALTER PRITCHARD,

JUDGE PRESIDING GENERAL TERM

The pertinent statute cited by respondent for the appointment of judges pro tempore (Burns' §4-402, 1946 Replacement) is as follows:

"Judges pro tempore—Appointment, oath, power and authority.—When, from any cause, any judge of any superior court in the state of Indiana shall be unable to attend and preside at any term of said court, or during any day or days, or during any part of any term, such judge may appoint in writing, any attorney eligible to the office of such judge, or any other judge of a court of record in this state, to preside at such term, or day or days, or part of such term. Such written appointment shall be entered of record in said court, and if such appointee is not a judge of a court of record, he shall take the same oath required by law of judges of superior courts, and such appointee shall conduct the business of such court in the same manner and shall have the same power and authority during the continuance of his appointment as a regularly elected judge of such court." (Acts 1929, ch. 170, §1, p. 533.)

It is readily apparent that no part of this entry of March 5, 1956, constitutes a written appointment of said Lloyd D. Claycombe as judge pro tem of respondent court required by the statute to be entered of record. It merely attempts to fix the schedule of the various courts and it signifies only that Judge Claycombe was to serve in Circuit Court from August 6 to August 10. It does not connect Judge Claycombe with respondent court, nor does it appoint him as a judge thereof.

Before considering the effect of relators' motion to dismiss in the lower court attacking the jurisdiction of respondent court, we should make reference to the three sections of the statute[2] governing the taking of certiorari proceedings.

Burns' Statutes, §53-783, heretofore cited, states "The petition [for certiorari of a person aggrieved by any decision of the board of zoning appeals] *shall be presented to the court* within thirty [30] days [from

---

2.  See Note 1.

the date of the decision] . . . of the board of zoning appeals . . . . " The next section, to-wit, Burns' §53-784, provides that *"On filing a petition* for . . . certiorari *with the clerk* of the circuit or superior court . . . the petitioner shall cause a notice to be issued and served . . . upon the adverse parties . . . . " The third section, to-wit, Burns' §53-785, provides that *"Upon presentation of a petition* for . . . certiorari, *the* circuit or superior *court . . . or* a *judge* thereof in vacation *shall direct the board* of zoning appeals within twenty [20] days from the date of such citation *to show cause* why a writ of certiorari should not issue." (Emphasis supplied.)

Relators have not made complaint of any non-compliance with the above statutes by the petitioners for certiorari in the lower court, save and except that the petition was not presented to the court because the judge pro tempore thereof was not qualified to act.

The rule is of course well settled that the authority of one who acts as a judge *de facto* under color of right cannot be collaterally attacked. *Rogers* v. *Beauchamp et al.* (1885), 102 Ind. 33, 1 N. E. 185.

And as stated in *Parker et al.* v. *The State ex rel. Powell* (1892), 133 Ind. 178, 200, 32 N. E. 836, 843:

"The rule that the acts of an officer *de facto,* performed before ouster, are, as to the public, as valid as the acts of an officer *de jure,* is too familiar to the profession to need the citation of authority. The public is not to suffer because those discharging the functions of an officer may have a defective title, or no title at all. *Case* v. *State,* 69 Ind. 46; *Blackman* v. *State,* 12 Ind. 556; *Bansemer* v. *Mace,* 18 Ind. 27; *Mowbray* v. *State,* 88 Ind. 324." Also, see note to *State, P. R. R. Co. et al.* v. *Iroq. Cons. Dist. Ct. et al.* (1956), 235 Ind. 353, 367, 133 N. E. 2d 848, 855.

In this case relators' motion to dismiss was filed before respondent (the regular judge) on September 4, 1956, attacking the previous action taken by the pro tempore judge on August 10, 1956. While relators could properly on direct attack question the authority of the presiding judge to act, if seasonably made, we do not believe they could properly attack the previous proceedings of a prior judge taken in the cause at an earlier time. The authorities are numerous that an attack upon the authority of a judge pro tempore, although his appointment is defective, must be seasonably made, or it is waived. See: *Carger* v. *Fee* (1889), 119 Ind. 536, 21 N. E. 1080, and cases therein cited.

We therefore hold that petitioners' certiorari proceedings were timely filed in the court below in accordance with the statutes, and any lack of authority on the part of the judge pro tempore to act for the various reasons asserted by relators, was inconsequential and that respondent court had jurisdiction of the certiorari proceedings below.

It is unnecessary to consider the other questions raised by the parties in the proceedings before us.

The alternative writ of mandate and prohibition is accordingly dissolved.

Arterburn, C. J., and Achor, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 146 N. E. 2d 88.