Joe SKIPPER, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8611–CR–949.

Supreme Court of Indiana.

July 14, 1988.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A bench trial resulted in a conviction of appellant of Felony Murder, for which he received a sentence of forty (40) years, and a conviction of Robbery, for which he received a sentence of twenty (20) years, the sentences to run concurrently.

The facts are: On January 29, 1984, appellant and Irvin Covington broke into a friend's home. Appellant obtained a .38 caliber pistol and a couple of pints of wine. Appellant then stated to Covington that he was going to "get some money." They went to a nearby liquor store where they momentarily separated, shortly after which Covington heard a shot. When he again approached appellant, appellant stated that he had merely shot into the air. However, he had in his possession a one-liter bottle of wine which he had not had previously.

Evidence in the case established that appellant had waited outside the liquor store, and the victim, Willie A. Brown, emerged from the store carrying a bottle of wine. In the subsequent confrontation between Brown and appellant, Brown was shot in the groin and died of his injuries. Appellant left the scene with the bottle of wine Brown had been carrying.

Appellant claims the trial court erred in forcing him to go to trial before a "special judge," Hon. William J. Dougherty, rather than the regular judge, Hon. Webster L. Brewer. The record indicates that appellant was tried in Marion Superior Court, Criminal Division II, which is regularly presided over by Judge Brewer. The record further shows that Judge Brewer did in fact handle all of the preliminary matters in this case including the filing of appellant's waiver of a right to a jury trial.

When the trial date arrived and appellant appeared in court, he was for the first time notified that Judge Brewer would not preside but that Judge Dougherty would preside. Appellant immediately objected on the ground that when he waived his right to a jury trial he presumed that Judge Brewer would preside and that he was not willing to proceed before Judge Dougherty under those circumstances. For the first time on appeal, appellant argues that Judge Dougherty was not in fact a "special judge" but was in fact a judge pro tempore. The distinction between a judge pro tempore and a special judge is that a special judge is appointed for a particular case, whereas a judge pro tempore is appointed to preside over the entire court for a span of time. *Kimball v. State* (1985), Ind., 474 N.E.2d 982.

In a supplemental record filed by appellant in this case, we see what is designated as "Appointment of Special Judge" signed by Judge Brewer, purporting to appoint Judge Dougherty as the judge in the case of *State of Indiana v. Joe Skipper*, Cause No. CR86–38B. However, it is also clear from the record that Judge Brewer did not follow the required procedure as set forth in Ind.R.Cr.P. 13, in that no panel was submitted to the parties for striking. Thus the appointment of Judge Dougherty as special judge was irregular and subject to challenge by appellant. However, the reason given for the challenge was solely that appellant wished to be tried before Judge Brewer rather than Judge Dougherty, which of course is not a valid challenge under the rules of this Court. There was no challenge before Judge Dougherty on the ground that Ind.R.Cr.P. 13 had not been followed in his selection.

On appeal, an appellant must present to this Court the same question which was presented to the trial court. *Beland v. State* (1985), Ind., 476 N.E.2d 843. In failing to give a valid reason for his objection to Judge Dougherty presiding in the case, appellant waived that issue. *Pruitt v. State* (1978), 269 Ind. 559, 382 N.E.2d 150. Upon examining the record in this case, we do not find any claim of prejudice on the part of Judge Dougherty nor do we find anything in the record which would indicate prejudice on his part. We therefore see no reason to consider the improper appointment of Judge Dougherty as fundamental

error. We will not reverse the trial court on this issue.

Appellant claims the trial court erred in finding him guilty of murder in the commission of a robbery and also guilty of the robbery. Appellant cites *Coleman v. State* (1984), Ind., 465 N.E.2d 1130 for the proposition that the robbery merged with the conviction of the felony murder, the felony being the same robbery for which he was separately convicted. Appellant is correct in his observation.

This cause is remanded to the trial court with instructions to expunge the conviction for robbery. The trial court is in all other things affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.