**William N. HILL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 49A02–9207–CR–334.

Court of Appeals of Indiana,
Second District.

March 22, 1993.

Dennis E. Zahn, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

*DISMISSAL OF APPEAL*

SULLIVAN, Judge.

William N. Hill attempts to appeal his conviction for child molesting.

Although the record contains some references by a court reporter to the effect that Andrew Fogle was serving as a "special judge" at the time of trial, the record does not contain any appointment or purported appointment of Andrew Fogle as special judge. Seemingly to the contrary, the record reflects that the Judge's Certificate of the sentencing hearing was signed by Andrew Fogle as judge pro tem, not as special judge.

Because the record reveals that the trial and sentencing was conducted by a person other than a duly qualified judge of the Marion Superior Court, there is no appealable judgment in the matter. *Scruggs v. State*, (1993) 2d Dist.Ind.App., 609 N.E.2d 1148.

The purported appeal is hereby dismissed and Hill is ordered released from the custody of the Department of Correction and returned to the custody of the Marion County Sheriff at such time as this decision becomes final and is certified by the Clerk of the Court of Appeals.

RUCKER, J., concurs.

BUCHANAN, Senior Judge, dissents and files separate opinion.

BUCHANAN, Senior Judge, dissenting.

I respectfully dissent.

I cannot agree with the majority that there is no appealable judgment in this case. Unlike the situation in which a master commissioner's findings are not adopted by a judicial officer, *see e.g. Rivera v. State* (1992), Ind.App., 601 N.E.2d 445, irregularities in the appointment of a special judge do not affect the finality of a judgment.

In *Powell v. State* (1982), Ind., 440 N.E.2d 1114, our Supreme Court concluded that an improperly appointed judge is a judge *de facto*, even if not a judge *de jure*, and that any error in the appointment of a judge must be raised at trial or the issue is waived. *See also Bivins v. State* (1985), Ind., 485 N.E.2d 89; *Hoy v. State* (1983), Ind.App., 448 N.E.2d 31.

On appellate review, we presume that the trial court correctly followed the law and the burden is on the appellant to demonstrate reversible error. *Madison County Bank & Trust Co. v. Kreegar* (1987), Ind., 514 N.E.2d 279; *Nesses v. Specialty Connectors Co.* (1990), Ind.App., 564 N.E.2d 322; *Collins v. Thakkar* (1990), Ind.App., 552 N.E.2d 507, *trans. denied.* It is therefore improper for the majority to assume that Hill's trial was not conducted by a duly qualified judicial officer.

The trial court's minute entries show that Fogle appeared at Hill's second trial as a special judge. *Record* at 8. At trial, both Hill and the State stipulated that Fogle was serving as a special judge.[1] *Record* 59. While the actual documents appointing Fogle as a special judge do not appear in the record, Hill has made no effort to supplement the record or otherwise demonstrate that the documents do not exist in order to carry his burden of showing reversible error. Absence of evidence in the record is not necessarily evidence of absence.

"Incompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits." Ind. Rules of Procedure, Appellate Rule 7.2(C). Appellate Rule 7.2(C) provides the proper procedure that must be followed when an incomplete record is submitted on appeal. It seems to me the majority disregards the express provisions of the rule by dismissing Hill's appeal because of a presumed inadequacy of the record.

I do not dispute that the record lacks the official appointment of Fogle to act as a special judge. Rather, I disagree with the majority's presumption that an official appointment does not exist. It is not my contention that the minute entries reflected in the Chronological Case Summary (CCS) constitute an official appointment of a judicial officer. The minute entries are, however, *evidence* that an appointment was made and that Hill's trial and sentencing hearing were conducted by an individual acting under the color of judicial authority. The entries also highlight the portions of the record which need to be supplemented.

In *Survance v. State* (1984), Ind., 465 N.E.2d 1076, the Supreme Court was presented with a challenge to a judge pro tempore's authority to preside over the defendant's trial, which included claims that no proper appointment existed. The Supreme Court, however, allowed for a supplemental record to be filed to show the judge pro tempore's appointment, and concluded that any irregularities were not fundamental error and were waived because no timely objection was raised.

Because no party has raised any error with respect to the appointment of Fogle as special judge here, the State has not had the opportunity to supplement the record to show his appointment. We should follow the Supreme Court's example and allow the record to be supplemented, not dismiss the appeal in contravention of Appellate Rule 7.2(C) without giving either party the opportunity to respond.

Because the record contains evidence that Hill's trial and sentencing hearing were conducted by a judicial officer, the record should be supplemented to establish whether Fogle was duly appointed, and if he was, this appeal should be decided on its merits.

---

**1.** While the record indicates Fogle appeared as a master commissioner at Hill's sentencing hearing, *record* at 9, 52, because he conducted Hill's trial as a special judge, he had continuing juris-diction as special judge in Hill's case. *See State ex rel. Smith v. Circuit Court, Delaware County* (1952), 231 Ind. 173, 108 N.E.2d 58.