**William C. CARTWRIGHT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A05–9304–CR–121.

Court of Appeals of Indiana, Fifth District.

Oct. 19, 1993.

Joshua I. Tourkow, Linda Peters Chrzan, Fort Wayne, for appellant-defendant.

Pamela Carter, Atty. Gen., Dana A. Childress–Jones, Deputy Atty. Gen., Office Of Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

 William C. Cartwright appeals his conviction of Criminal Trespass. However, this court cannot decide this case on the merits because there is no appealable judgment. The judgment and sentence in this case were imposed by Jeffrey J. Gulley, whose official designation in the record is "referee." As has been held repeatedly, only a judge has the authority to enter a final appealable judgment. *State v. Starke Circuit Court* (1981), 275 Ind. 483, 417 N.E.2d 1115; *Walls v. State* (1992), Ind. App., 603 N.E.2d 903; *Rivera v. State* (1992), Ind.App., 601 N.E.2d 445; *Green v. State* (1989), Ind.App., 540 N.E.2d 130; *Eakins v. State* (1985), Ind.App., 482 N.E.2d 1157. A "judge" is either the duly elected or appointed judge of the court, or a duly appointed judge pro tempore or special judge. *Walls*, 603 N.E.2d 903. A judge pro tempore is appointed for a specified time period in the absence of the regular judge. *Kimball v. State* (1985), Ind., 474 N.E.2d 982. A special judge is appointed for the duration of a case. *Id.; Schwindt v. State* (1992), Ind.App., 596 N.E.2d 936. Gulley is not the regular judge of the court nor is there anything in the record to indicate he was appointed judge pro tempore or special judge. While a referee, magistrate or commissioner may preside at a trial, they are not empowered to enter a final order or judgment.[1] *Rivera*, 601 N.E.2d 445. Rather, the regular judge of the court must adopt and approve, as an order of the court, the actions of the referee, magistrate or commissioner. *Id.* As the record is devoid of any indication that such adoption and approval occurred here, there is consequently no final judgment from which an appeal may be taken. We regret the inconvenience this causes to both the appellant and appellee. However, it is incumbent upon the trial judges of this state to either properly appoint a judge pro tempore or a special judge, or to adopt and approve the actions of commissioners, magistrates and referees. Without strict adherence to the rules for the use of substitute judges, we lack jurisdiction to entertain the appeal.

SHARPNACK, C.J., and FRIEDLANDER, J., concur.

---

1. But note that *effective July 1, 1993,* Indiana Code 33–4–7 has been amended to permit magistrates who preside at a criminal trial to (1) enter a final order; (2) conduct a sentencing hearing; and (3) impose a sentence on a person convicted of a criminal offense. I.C. 33–4–7–8; P.L. 164–1993, Sec. 4. The amendment of I.C. 33–4–7 does not affect this case as it was tried on December 1, 1992.