**Maurice E. SCRUGGS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9310–CR–582 [1].

Court of Appeals of Indiana,
First District.

June 30, 1994.

---

1. This case was diverted to this office on May 19, 1994, by direction of the Chief Judge.

porting his convictions for Burglary [2], a Class B felony, and Theft [3], a Class D felony.

## FACTS

On July 28, 1991, at approximately 11:30 p.m., Scruggs walked up to Greg Wilhoit's front window and started to pull off the screen. Wilhoit confronted Scruggs and told him to leave. Scruggs then backed away from Wilhoit's window and walked across the courtyard of the apartment complex to the window of Gary Johnson's apartment. Scruggs took off the screen, raised the window, and crawled into Johnson's apartment. Wilhoit then called the police.

When the police arrived at the apartment complex at approximately 12:40 a.m., Wilhoit directed them to Johnson's apartment. The officers raised the window on Johnson's apartment and yelled inside twice with no response. One of the officers then crawled inside through the window and unlocked the front door. Once inside, the officers conducted a brief search of the apartment and found Scruggs standing beside the refrigerator holding Johnson's four-band AM/FM cassette recorder. The officers handcuffed Scruggs and removed him from the apartment.

■ This is the second time this case has come before us. On the first occasion, we did not reach the merits of Scrugg's appeal. *See Scruggs v. State*, (1993), Ind.App., 609 N.E.2d 1148. We instead addressed the question of whether an appealable judgment had been entered where the record lacked a written order of appointment of the special judge. The record showed that the trial was conducted before Andrew J. Fogle of the Marion County Superior Court, Criminal Division No. 2. At various points, the record identified Fogle as a judge pro tempore and special judge, yet the record failed to contain any authority for Fogle to act as a judicial officer. In *Scruggs*, we determined that no valid judgment had been entered because there was no evidence of a written order appointing Fogle as a special judge. *Id.* at 1151.

Richard D. Gilroy, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

BAKER, Judge.

Appellant-defendant Maurice E. Scruggs challenges the procedure used in his sentencing and the sufficiency of the evidence sup-

2. IND.CODE § 35–43–2–1.

3. IND.CODE § 35–43–4–2.

We have subsequently learned through the supplemental record that Fogle was master commissioner of the Marion Superior Court, Criminal Division No. 2. *See* Supp. Record at 10, 15. As master commissioner, Fogle has the same powers and duties as are prescribed by statute for a magistrate. *See* IND.CODE § 33–5–35.1–8(f). A magistrate may conduct an evidentiary hearing or trial. IND.CODE § 33–4–7–4(11). Therefore, pursuant to I.C. 33–5–35.1–8(f), Fogle did have the authority to try Scruggs, and we will address the merits of this appeal.

On appeal Scruggs challenges the procedures used in his resentencing and the sufficiency of the evidence supporting his conviction.

## DISCUSSION AND DECISION

### I. Resentencing

■ Following his first appeal, Scruggs appeared before Judge Webster L. Brewer, the regular judge of the Marion Superior Court Criminal Division Room No. 2, for a resentencing hearing. At that hearing Judge Brewer resentenced Scruggs by adopting Master Commissioner Fogle's findings of fact and sentencing recommendations. Scruggs challenges the validity of his resentencing arguing that it was improper for Judge Brewer to adopt Master Commissioner Fogle's findings of fact and sentencing recommendations. We disagree.

The statute in effect at the time of the relevant proceedings in this case provided:

> A magistrate shall report findings in an evidentiary hearing, a trial, or a jury's verdict to the court. The court shall enter the final order. In criminal cases the court shall conduct the sentencing hearing.[4]

IND.CODE § 33–4–7–8. Master commissioners shall report their findings in each of the matters before them in writing to the judge or judges of the division to which they are assigned by the rules of the court. IND. CODE § 33–5–35.1–8(f). In the present case, Master Commissioner Fogle, pursuant to his statutory authority, reported his findings of fact and sentencing recommendations to Judge Brewer. Judge Brewer then conducted the resentencing hearing as was required under I.C. 33–4–7–8. At that hearing Judge Brewer acted within his discretion in adopting Master Commissioner Fogle's findings of fact and sentencing recommendations. We find no error in Scruggs' resentencing.

### II. Sufficiency

■ Scruggs contends that there was insufficient evidence to support his convictions. Specifically, he contends that "the verdict of the court is not based upon sufficient evidence because the verdict fails to consider any of the defendant's evidence which he presented at trial." (Appellant's Brief at 7). Scruggs further argues that the court failed to consider that he had been drinking on the evening in question.

When reviewing a claim of insufficient evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242. Instead, we consider only the evidence most favorable to the verdict and any reasonable inferences to be drawn therefrom. *Green v. State* (1992), Ind., 587 N.E.2d 1314, 1315. We affirm the conviction if, looking to the evidence and reasonable inferences therefrom which supports the verdict, there is substantial evidence of probative value to support the conclusions reached by the trier of fact. *Jones*, 589 N.E.2d at 242.

To prove Scruggs committed burglary the State had to prove that he broke and entered the building or structure of another person with intent to commit a felony inside. *See* IND.CODE § 35–43–2–1. To prove theft, the State had to prove that Scruggs knowingly or intentionally exerted unauthorized control over the property of another person with intent to deprive the other person of any part of its value or use. *See* IND.CODE § 35–43–4–2. Considering the evidence most favorable to the verdict, as stated in our

---

4. IND.CODE § 33–4–7–8 has subsequently been amended and now provides: (b) If a magistrate presides at a criminal trial, the magistrate may do the following: (1) Enter a final order, (2) Conduct a sentencing hearing and (3) Impose a sentence on a person convicted of a criminal offense.

*FACTS* section above, the evidence is sufficient to sustain Scruggs' conviction.

Judgment Affirmed.

ROBERTSON and NAJAM, JJ., concur.