Anthony FLOYD, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

Corinthian MANLEY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

Wallace D. BRISCOE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

John W. DEARMAN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

Wilbert HATCHER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

Donald MARLETT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

Steven ROBY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

Nos. 49S02–9412–PC–1282,
45S03–9412–PC–1283.

Supreme Court of Indiana.

Dec. 30, 1994.

Wallace D. Briscoe, Plainfield, pro se.

Robert C. Perry, Indianapolis, for John W. Dearman.

Anthony Floyd, Westville, pro se.

Susan K. Carpenter, Public Defender, John T. Ribble, Deputy Public Defender, Indianapolis, for Wilbert Hatcher.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for Corinthian Manley.

Susan K. Carpenter, Public Defender, Jodi Uebelhack, Deputy Public Defender, Indianapolis, for Donald Marlett.

Steven Roby, Michigan City, pro se.

Pamela F. Carter, Atty. Gen., Geoff Davis, Dana Childress–Jones, Joseph F. Pieters, Deputy Atty. Gen., Suzann Weber Lupton, Deputy Attys. Gen., for the state.

**ON PETITIONS TO TRANSFER**

SULLIVAN, Justice.

We address several issues concerning the authority of a court officer to enter a final appealable order and the way in which reviewing courts should handle challenges to such an officer's authority on appeal. In doing so, we comment on the failure of trial courts validly to appoint judges *pro tempore* and attempt to resolve several divisions that have emerged in the Court of Appeals.

I.

The Indiana Constitution requires that judicial acts be performed only by judges. Ind. Const. art. 7, § 1; *State ex rel. Smith v. Starke Cir. Ct.* (1981), 275 Ind. 483, 496, 417 N.E.2d 1115, 1122. *See also Shoultz v. McPheeters* (1881), 79 Ind. 373, 375; *State ex rel. Hovey v. Noble* (1889), 118 Ind. 350, 352, 21 N.E. 244, 245. Thus, only a duly elected or appointed judge of the court or a

duly appointed judge *pro tempore* or special judge may enter an appealable final judgment, including a criminal sentence. When a court official who is not a duly elected or appointed judge of the court purports to make a final order or judgment, that decision is a nullity. *Rivera v. State* (1992), Ind.App., 601 N.E.2d 445, 446. *See also State ex rel. Smith,* 275 Ind. at 496, 417 N.E.2d at 1122; *Shoultz,* 79 Ind. at 375.

In each of these cases, one of the issues is whether the trial court order or judgment on appeal is invalid by virtue of having been entered by a court officer who allegedly was not duly appointed.[1]

### A.

In the case of *Briscoe v. State,* appellant Wallace D. Briscoe was tried and convicted of Burglary before, and sentenced by, Master Commissioner[2] Andrew J. Fogle. The record shows that Fogle was referred to throughout as a "Special Judge" but in fact had never been appointed as a special judge in accordance with Indiana Rule of Criminal Procedure 13.[3] However, Fogle was appointed as judge *pro tempore* by the court's regular judge, the Hon. Webster L. Brewer, both on the date of trial, September 17, 1992, and on the date of sentencing, October 14, 1992. The record shows that Briscoe made no objection to being tried or sentenced by Fogle. Briscoe appeals his conviction and sentence on grounds that Fogle was an improperly

appointed judge and therefore lacked authority and jurisdiction over him. The Court of Appeals rejected Briscoe's argument and affirmed the conviction and sentence. *Briscoe v. State* (1994), Ind.App., 639 N.E.2d 1058 (mem.). Briscoe petitions for transfer.

### B.

In the cases of *Floyd v. State, Hatcher v. State, Manley v. State,* and *Marlett v. State,* appellants all seek post-conviction relief on grounds that either their convictions or sentences were entered by court officers who allegedly were not duly appointed.

Master Commissioner Jay B. Haggerty conducted the guilty plea hearing on appellant Anthony Floyd's plea agreement admitting guilt to Conspiracy to Deal in Cocaine and, on September 15, 1989, sentenced Floyd. The State acknowledges that a Master Commissioner has no authority to enter a final appealable order unless sitting as a judge *pro tempore* or special judge. The State makes no claim that any such appointment was made. Floyd raised no objection to the authority of Haggerty until he filed his petition for post-conviction relief. The trial court denied the petition, but the Court of Appeals reversed, holding that no appealable judgment had been entered. *Floyd v. State* (1994), Ind.App., 635 N.E.2d 230 (mem.). The State petitions for transfer.

---

**1.** While a number of these cases raise issues concerning special judge appointments under Indiana Criminal Rule 13, *see* note 2, *infra,* each ultimately involves the validity of appointment of a judge *pro tempore* under Indiana Trial Rule 63(E). When the duly elected or appointed judge of a trial court is disabled or otherwise unavailable on a particular day, Trial Rule 63(E) permits the absent judge to appoint a judge *pro tempore* in his or her place:

> **Judge Pro Tempore When Judge is Unable to Attend.** A judge who is unable to attend and preside at his court for any cause may appoint in writing a judge pro tempore to conduct the business of this court during his absence. The written appointment shall be entered in the records of the court. When duly sworn, or without being sworn if he is a judge of a court of this state, the judge pro tempore shall have the same authority during the period of his appointment as the judge he replaces.

**2.** A "master commissioner" has the same powers and duties as are prescribed for a magistrate under Ind.Code §§ 33-4-7-4 through 33-4-7-8. Ind.Code § 33-5-35.1-8(f); *Richardson v. State* (1992), Ind.App., 602 N.E.2d 178, 179.

**3.** Prior to January 1, 1994, Indiana Rule of Criminal Procedure 13 provided the exclusive manner for selecting special judges, alternately striking from a panel of three names. Effective January 1, 1994, Indiana Trial Rule 79 or 79.1 governs the selection of special judges in criminal actions and proceedings to enforce a statute defining an infraction. As mentioned in note 1, *supra,* these cases ultimately turn on issues related to the appointment of judges *pro tempore,* not special judges. However, many of the principles enunciated in this opinion would be applicable when the trial court officer purporting to enter a final appealable order or judgment is sitting as a special judge.

Master Commissioner Allen Smith, Jr. conducted the guilty plea hearing on appellant Wilbert Hatcher's plea agreement admitting guilt to Robbery and, on January 22, 1985, sentenced Hatcher. The parties dispute whether Smith was a duly appointed judge *pro tempore* or acting only as a Master Commissioner. Hatcher raised no objection to the authority of Smith until this case, an amended second petition for post-conviction relief. The trial court denied his petition, and the Court of Appeals affirmed that denial. *Hatcher v. State* (1994), Ind.App., 637 N.E.2d 1388 (mem.). Hatcher petitions for transfer.

Commissioner T.C. Stenhouse conducted the guilty plea hearing on appellant Corinthian Manley's plea agreement admitting guilt to Theft on September 26, 1968, and then sentenced Manley. The record does not reveal whether Stenhouse was appointed special judge or judge *pro tempore*. Manley raised no objection to the authority of Stenhouse until filing a petition for post-conviction relief. The trial court denied his petition but the Court of Appeals reversed, holding that no appealable judgment had been entered. *Manley v. State* (1994), Ind.App., 638 N.E.2d 888 (mem.). The State petitions for transfer.

Judge *pro tempore* Jay B. Haggerty conducted a bench trial of appellant Donald Marlett and found him guilty of Battery and also found him to be an Habitual Offender. On October 19, 1989, about one month after trial, Haggerty sentenced Marlett. While Marlett acknowledges that Haggerty was duly appointed to serve as a judge *pro tempore* at the time of trial, Marlett contends Haggerty lacked authority thereafter to impose sentence. Marlett raised no objection to the authority of Haggerty until filing his petition for post-conviction relief. The trial court denied the petition for post-conviction relief and the Court of Appeals affirmed that denial. The Court of Appeals rejected Marlett's argument and affirmed the conviction and sentence. *Marlett v. State* (1994), Ind. App., 639 N.E.2d 1056 (mem.). Marlett petitions for transfer.

### C.

In the cases of *Dearman v. State* and *Roby v. State*, appellants acknowledge that a validly appointed judge *pro tempore* presided at trial but contend that because the judge *pro tempore* appointment expired prior to the date of sentencing, the latter had no authority to enter sentence because he was not a judge on the date sentencing occurred.

In the case of *Dearman v. State*, appellant John W. Dearman was tried and sentenced by Master Commissioner Fogle. The record shows that Fogle was referred to throughout as a "Special Judge" but in fact had never been appointed as a special judge in accordance with Rule of Criminal Procedure 13. Fogle was appointed as judge *pro tempore* by the court's regular judge, the Hon. Webster L. Brewer, on the dates of trial, January 30, 1992, to February 1, 1992, but not on the date of sentencing, April 15, 1992. Dearman appealed, arguing that Fogle had no authority to enter sentence because he was not a judge on the date sentencing occurred. The Court of Appeals rejected Dearman's argument and affirmed the conviction and sentence. *Dearman v. State* (1994), Ind.App., 632 N.E.2d 1156. Dearman petitions for transfer.

Judge *pro tempore* Judge James E. Bielefeld presided over the jury trial of defendant Steven Roby, who was charged with Murder. Bielefeld was appointed as judge *pro tempore* by the court's regular judge, the Hon. James E. Letsinger, on the dates of trial, July 31, 1984, and August 1, 1984, but not on the date of sentencing, August 14, 1984. Roby appeals, arguing that Bielefeld had no jurisdiction to enter sentence because he was not a judge on the date sentencing occurred. The Court of Appeals rejected Roby's argument and affirmed the conviction and sentence. *Roby v. State* (1994), Ind.App., 635 N.E.2d 1163 (mem.) (2–1 decision, Sullivan, J., dissenting). Roby petitions for transfer.

### II.

Appellant Briscoe contends that the court officer who conducted the trial and sentencing was an improperly appointed judge and

therefore lacked authority and jurisdiction over him. In other cases, *e.g.*, *Boushehry v. State* (1993), Ind.App., 622 N.E.2d 212, *aff'd on rehearing*, (1993), 626 N.E.2d 497, *trans. denied*, the Court of Appeals has raised *sua sponte* the issue of the authority of a court officer to enter a final appealable order.

■ The proper inquiry for a reviewing court when faced with a challenge to the authority and jurisdiction of a court officer to enter a final appealable order is first to ascertain whether the challenge was properly made in the trial court so as to preserve the issue for appeal. In *Survance v. State* (1984), Ind., 465 N.E.2d 1076, defendant was convicted of Conspiracy to Commit Arson. On appeal, defendant argued that no proper appointment of the judge presiding at trial as judge *pro tempore* was made prior to trial. We stated that an improperly appointed judge *pro tempore* could present a problem compelling reversal but that such error was not "fundamental." *Id.* at 1081. We went on to observe:

> Any objections to the authority of an attorney appointed to try a cause must be made at the time when he assumes to act or they will be deemed waived on appeal. *Gordy v. State*, 262 Ind. at 283, 315 N.E.2d at 367, and cases cited therein.

> In *Gordy* we were presented with a situation similar to the case at bar. Quoting from the Court of Appeals we held:

>> " 'The assignment of errors presenting this question is grounded on the proposition that the trial court had no jurisdiction to render the judgment from which this appeal is taken. The position of appellant on this proposition cannot be maintained. It is not contended that the Superior Court of Marion county did not have jurisdiction of the class of cases to which this one belongs; and its jurisdiction of the person of appellant is not questioned. It is therefore apparent that the court had jurisdiction of the subject-matter of the action and of the person of appellant, and had power to proceed to judgment. The defect pointed out was not affecting the jurisdiction of the court, but the right and authority of its presiding judge to act as such.

> The judge who presided at the trial of this case was acting under color of authority, and he was a judge *de facto* if not a judge *de jure*.

>> 'It has been held repeatedly by this court and the Supreme Court that when a judge has been called or an attorney appointed to try a cause, and no objection is made at the time, or to his sitting in the cause when he assumes to act, all objections thereto will be deemed waived on appeal. We see no reason why the rule announced and applied to special judges should not apply with equal force to a judge *pro tempore*.'
>> . . . ."

> *Gordy v. State*, 262 Ind. at 282–83, 315 N.E.2d at 367 (quoting *Jordan v. Indianapolis Coal Co.* (1913), 52 Ind.App. 542, 544–45, 100 N.E. 880, 881).

*Survance*, 465 N.E.2d 1076, 1082. *Accord, Skipper v. State* (1988), Ind., 525 N.E.2d 334, 335. *See also Gordy v. State* (1974), 262 Ind. 275, 283, 315 N.E.2d 362, 367 (collecting cases).

■ As these precedents demonstrate, it has been the long-standing policy of this court to view the authority of the officer appointed to try a case not as affecting the jurisdiction of the court. Therefore, the failure of a party to object at trial to the authority of a court officer to enter a final appealable order waives the issue for appeal. We conclude that it is improper for a reviewing court to *dismiss* an appeal on these grounds where no showing has been made that the issue was properly preserved. Instead, the reviewing court should *deny* relief on grounds of waiver. Because the following recent decisions of the Court of Appeals hold that the proper procedure in such situations is to dismiss the appeal without regard for whether the issue has been properly preserved, the decisions are disapproved: *Cartwright v. State* (1993), Ind.App., 621 N.E.2d 1164; *Kirby v. State* (1993), Ind.App., 619 N.E.2d 967; *Hill v. State* (1993), Ind.App., 611 N.E.2d 133 (2–1 decision, Buchanan, J., dissenting); *Scruggs v. State* (1993), 609 N.E.2d 1148, 1150 (2–1 decision, Buchanan, J., dissenting), *after remand*, (1994), Ind. App., 637 N.E.2d 175; *Green v. State* (1989),

Ind.App., 540 N.E.2d 130, *reh'g denied,* (1989), 544 N.E.2d 172, *trans. denied.* We cite Senior Judge Buchanan's dissents in the *Scruggs* and *Hill* cases as correct statements of the law and precedent in this regard. We commend the Court of Appeals for properly applying these principles in *Briscoe v. State* and, accordingly, deny transfer in *Briscoe.*

### III.

*Floyd v. State, Hatcher v. State, Manley v. State,* and *Marlett v. State* are all collateral attacks on convictions and sentences in post-conviction proceedings. In these cases, each petitioner for post-conviction relief argues that the underlying conviction or sentence should be vacated because the court officer entering the conviction or sentence was not a validly appointed judge *pro tempore.*

■■ We believe the law is settled in this regard, as well. As a general proposition, issues available to but not asserted by a defendant on direct appeal are waived for purposes of subsequent petitions for post-conviction relief because they were available to be presented as a part of the petitioner's direct appeal. *Smith v. State* (1993), Ind., 613 N.E.2d 412, 413, *reh'g denied, cert. denied,* —— U.S. ——, 114 S.Ct. 1634, 128 L.Ed.2d 357 (1994). More specifically, we said in *Gordy*—and reiterated in *Survance*— that the authority of one who acts as a judge *de facto* under color of authority cannot be collaterally attacked. *Survance,* 465 N.E.2d at 1081; *Gordy,* 262 Ind. at 283, 315 N.E.2d at 367. *See also State ex rel. Crowmer v. Superior Ct. of Marion County* (1957), 237 Ind. 633, 640, 146 N.E.2d 88, 92, *reh'g denied.* And in *Bivins v. State* (1985), Ind., 485 N.E.2d 89, 92, we held that a petitioner for post-conviction relief had waived his right to challenge the improper selection of a special judge because at trial the defendant had not objected to an irregularity in the appointment of the judge and had thereby accepted the appointment, submitted to the jurisdiction, and waived the irregularity. While *Bivins* involved the authority of a special judge, we see no reason why this rule should not apply with equal force to a judge *pro tempore.* *Cf. Survance,* 465 N.E.2d at 1082. The Court of Appeals has so held in the recent cases of *Douglas v. State* (1994), Ind. App., 643 N.E.2d 7 and *Harris v. State* (1993), Ind.App., 616 N.E.2d 25, *trans. denied.*

■ On the basis of these precedents, the failure of a defendant to object at the original trial to the jurisdiction of a court officer to enter a final appealable order operates as waiver of the issue both on appeal, *see* Part II of this opinion, *supra,* and on collateral attack in a proceeding for post-conviction relief. We conclude, therefore, that it is improper for a reviewing court to *dismiss* a petition for post-conviction relief or to vacate an underlying conviction or sentence on these grounds. Instead, the reviewing court should *deny* relief on grounds of waiver. Because the opinions of the Court of Appeals in *Floyd v. State* and *Manley v. State* hold that the proper procedure in such situations is to dismiss the petition for post-conviction relief or to vacate the underlying conviction or sentence, we grant transfer, vacate those opinions of the Court of Appeals, and affirm the decisions of the respective post-conviction trial courts. We commend the Court of Appeals for properly applying these principles in *Hatcher v. State* and *Marlett v. State* and, accordingly, deny transfer in both *Hatcher* and *Marlett.*

### IV.

In *Dearman v. State* and *Roby v. State,* appellants argue that the officers entering the judgment of sentence in their cases had no authority to enter sentence because they were not judges on the dates sentencing occurred. The question of jurisdiction on these particular facts is one that has divided the Court of Appeals. Several panels of that court have held that a judge *pro tempore* has no authority to act except on days and times for which a valid appointment is in effect. *See McMichel v. State* (1994), Ind.App., 641 N.E.2d 1047; *Cassidy v. State* (1993), Ind. App., 626 N.E.2d 500, *trans. denied; Boushehry,* 622 N.E.2d 212. *Accord, Koo v. State* (1994), Ind.App., 640 N.E.2d 95. Other panels have held that, once a judge *pro tempore* begins hearing evidence in a case, he or she has jurisdiction to hear the case to completion (including entering sentence), even if

the term of the appointment has expired. *See Woods v. State* (1994), Ind.App., 640 N.E.2d 1089, 1090 (2–1 decision, Barteau, J., dissenting); *Billingsley v. State* (1994), Ind. App., 638 N.E.2d 1340, 1343; *Dearman,* 632 N.E.2d at 1159; *Harris,* 616 N.E.2d at 33; *Hupp v. Hill* (1991), Ind.App., 576 N.E.2d 1320, 1324.

As discussed in Part II of this opinion, the court has jurisdiction to conduct sentencing. The issue is, rather, whether the presiding court officer has the authority to sentence. Assuming that an objection to the authority of a court officer to enter a final appealable order has been properly preserved, may such an officer, after conducting a trial pursuant to a valid appointment as judge *pro tempore,* enter a sentence in the case after the term of his or her appointment has expired? We believe that precedent and sound policy require that this question be answered in the affirmative.

The leading case on this subject is *State ex rel. Hodshire v. Bingham* (1941), 218 Ind. 490, 33 N.E.2d 771, an original action in a civil suit that sought to compel the regular judge of the Vermillion Circuit Court to grant a change of venue from the county. The regular judge had appointed a judge *pro tempore* to preside and hold court from November 13th, 1939 to November 18th, 1939, on account of the absence of the regular judge from the county. Between those dates the judge *pro tempore* presided at the trial of a civil case which resulted in a verdict for the defendant. After the expiration of the period for which he was appointed, the judge *pro tempore* entertained and granted a motion for a new trial, which the regular judge subsequently struck from the record. The plaintiff thereupon filed a motion in proper form for a change of venue from the county, which the regular judge overruled. If the judge *pro tempore* had authority to hear and grant the motion for a new trial after the expiration of the period for which he was appointed, the action would have been pending in the Vermillion Circuit Court and the plaintiff entitled to a change of venue from the county.

Quoting from our earlier opinion in *Staser v. Hogan* (1889), 120 Ind. 207, 223, 21 N.E.

911, 916, *reh'g denied,* (1889), 120 Ind. 207, 22 N.E. 990, we said:

> "It must be manifest to every one that the regular judge could not intelligently hear and dispose of the motion for a new trial in this cause. * * *
>
> "We think that, where parties voluntarily consent to try their cause before a special judge [judge pro tempore], they should be held as consenting to his making a final disposition of the same; for in the very nature of things no one else can intelligently dispose of it."

*State ex rel. Hodshire,* 218 Ind. at 492, 33 N.E.2d at 771–72 (emphasis omitted) (bracketed material in the original). On the authority of *State ex rel. Hodshire,* we subsequently promulgated Trial Rule 63(A), which provides in relevant part:

> The judge who presides at the trial of a cause or a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded.

*State ex rel. Hodshire* and Trial Rule 63(A) not only reflect the rule that a judge *pro tempore* has authority to make decisions after the conclusion of trial but also the policy that that judge is the best person to do so because of his or her familiarity with the case. In addition to the recent *Woods, Billingsley, Roby, Dearman, Harris,* and *Hupp* decisions of the Court of Appeals that adopt this analysis are the somewhat older decisions of this court in *State v. Smith* (1973), 260 Ind. 555, 297 N.E.2d 809, and the Court of Appeals in *Needham v. Needham* (1980), Ind.App., 408 N.E.2d 562. We continue to believe that these cases properly state the law of the authority of a judge *pro tempore* to continue to rule on matters following expiration of his or her appointment and so disapprove those recent decisions of the Court of Appeals to the contrary: *McMichel,* 641 N.E.2d 1047, *Cassidy,* 626 N.E.2d 500, and *Boushehry,* 622 N.E.2d 212. We commend the Court of Appeals for properly applying these principles in *Dearman v. State* and

*Roby v. State* and, accordingly, deny transfer in both *Dearman* and *Roby.*

## V.

We take this opportunity to address the proper procedure to be employed by the reviewing court when a challenge to the authority of a court officer to enter a final appealable order has been properly preserved for appeal.

### A.

■ If an appellant has properly preserved an objection to the authority of a court officer to enter a final appealable order and the record does not disclose whether or not a valid appointment was made, we believe that the reviewing court is faced with the situation described by Indiana Appellate Rule 7.2(C): "Incompleteness or inadequacy of the record shall not constitute a ground for dismissal or preclude review on the merits." That rule provides the proper procedure that must be followed when an incomplete record is submitted on appeal. Rather than dismiss the appeal, the proper appointment papers should be certified in accordance with Appellate Rule 7.2(C). *See Hill,* 611 N.E.2d at 133 (Buchanan, J., dissenting) and *Scruggs,* 609 N.E.2d at 1151 (Buchanan, J., dissenting).

### B.

■ When an appellant has properly preserved an objection to the authority of a court officer to enter a final appealable order and the record (either *ab initio* or following certification and transmittal of a supplemental record under Appellate Rule 7.2(C)) discloses that there was no validly appointed judge, and so no final judgment has been entered, the Court of Appeals has been divided on the proper procedure to follow. In some instances, the Court of Appeals has merely suspended consideration of an appeal pending the regular judge's entry of a final judgment. *See Woodfork v. State* (1992), Ind.App., 594 N.E.2d 468, 470 n. 3 (collecting

cases). In other cases, the Court of Appeals has dismissed the appeal as premature. *See Schwindt v. State* (1992), Ind.App., 596 N.E.2d 936, 938; *Landers v. State* (1991), 577 N.E.2d 990, 991. We believe the approach advocated by Judge Sullivan in *Schwindt* and *Landers* and by Judge Buchanan in *Rivera,* 601 N.E.2d at 446, is the correct one, and that such appeals should be dismissed as premature.

At the risk of redundancy, we note that this last situation is distinct from those described in Parts II through V–A of this opinion. Dismissal of the appeal is only proper after the reviewing court has ascertained (i) that the challenge to the authority of a court officer to enter a final appealable order has been properly preserved for the instant appeal, and (ii) that the court officer did not have such authority.

## VI.

It is readily apparent to this court that legitimate and serious concerns on the part of many members of the Court of Appeals led to the decisions in *Boushehry* and the other decisions we disapprove today. After all, the Court of Appeals is well aware of the controlling precedents of this court and has no desire to proceed in conflict with them. We are convinced that many members of the Court of Appeals, including several who have distinguished records of service on the trial bench, had become deeply concerned that certain trial courts were not following proper procedures in appointing judges *pro tempore.* By dismissing these cases, the Court of Appeals sent a message to the regular judges and officers of the courts involved that proper procedure in appointing judges *pro tempore* (and, for that matter, special judges) is a matter of the utmost importance and that sloppy practice in this regard will not be tolerated.[4]

■ While we hold today that the approach taken by the *Boushehry* and related lines of decisions is incorrect, we are in total accord with what we perceive to be the basic

---

4. Indeed, our first reaction to these cases was to allow them to stand, and so we denied transfer in *Cassidy, Boushehry,* and *Capps v. State* (1993), Ind.App., 625 N.E.2d 507 (mem.), *trans. denied.* It was only after a conflicting line of cases emerged in *Dearman* and *Roby* that we found it necessary to issue this opinion.

principle the Court of Appeals was seeking to advance in these opinions—that only a duly elected or appointed judge of the court or a duly appointed judge *pro tempore* or special judge has authority to enter an appealable final judgment. As we tried to make clear in *Survance*, we strongly disapprove of anything but strict compliance with the rules for appointment of both judges *pro tempore* and special judges, and we will not hesitate to dismiss appeals or even find reversible error where an appellant, after properly preserving the error, demonstrates that a purported final appealable order was entered by a court officer other than a duly elected or appointed judge. We conclude, however, that adherence to our precedents and sound appellate practice require the approach set forth in this opinion.

We express our appreciation to the Court of Appeals for its vigilance in policing improper practices by trial courts in appointing judges *pro tempore* and special judges. To the extent that such problems continue, we invite the Court of Appeals to call the trial courts involved to our attention or to the attention of the Commission on Judicial Qualifications.

SHEPARD, C.J., and GIVAN, J., concur.

DICKSON, J., concurs and dissents with separate opinion.

DeBRULER, J., dissents with separate opinion.

DICKSON, Justice, concurring and dissenting.

I concur with the majority in all respects except as to Part V–B. In cases where an appellant has properly preserved an objection to the jurisdiction of an improperly appointed court officer to enter a final judgment, a defendant's appeal may also present other issues unrelated to the authority of the judicial official that imposed his sentence. Such other questions may have merit. A defendant should not be required to suffer delay in the resolution of such appellate issues. This would unjustly penalize a defendant for the errors of the court. Rather than dismiss the appeal, the appellate tribunal should address the issues unrelated to sentencing and then remand the case to the trial court for a proper sentencing, if required.

While this proposed procedure could be characterized as permitting an appeal that does not arise from a valid final judgment, I believe it to be fair and just, preferring substance over form. This is consistent with our commitment to procedures that "do substantial justice, lead to disposition on the merits, and avoid litigation on procedural points." Ind.Trial Rule 8(F).

DeBRULER, Justice, dissenting.

Indiana judges receive judicial power from popular election or appointment by the governor. *State ex rel Smith v. Starke Circuit Court* (1981), 275 Ind. 483, 417 N.E.2d 1115. It is from such elected or appointed judges that *pro tempore* judges and special judges receive their judicial power. *Cartwright v. State* (1993), Ind.App., 621 N.E.2d 1164. It is the mind of such a duly elected or appointed judge that is the source of authority of the pro-tem or special judge. Pro-tems, special judges, hearing officers, and magistrates and commissioners, appointed pursuant to statutory authorization, are creatures of the judiciary.

If an elected or appointed judge manifests an intent to appoint a pro-tem, special judge, or other surrogate judge, but that manifestation does not comport with the rules governing the applicable appointive process and there is no objection to the irregularity of process, the lack of authority of the pro-tem or special judge should not be a ground for nullifying her judgment.

> It has been held repeatedly by this court and the Supreme Court that when a judge has been called or an attorney appointed to try a cause, and no objection is made at the time or to his sitting in the cause when he assumes to act, all objections thereto will be deemed waived on appeal.

*Jordan v. Indianapolis Coal Co.* (1913), 52 Ind.App. 542, 100 N.E. 880. *See also Skipper v. State* (1988), Ind., 525 N.E.2d 334; *Survance v. State* (1984), Ind., 465 N.E.2d 1076, *reh. denied.* It is the "calling" of a judge, or the "appointing" of an attorney that supplies the essential bridge between the

elected or appointed judge and the surrogate judge, such bridge being known as "color of authority." The long term appointment of a court commissioner or magistrate by the regular judge, pursuant to a statute which grants broad judicial powers to the appointee, may confer "color of authority." *See Gordy v. State* (1974), 262 Ind. 275, 315 N.E.2d 362. However, the constitutionality of such statutes is doubtful. *Smith,* 275 Ind. 483, 417 N.E.2d 1115. Where there is no support in a record of proceedings that an elected or appointed judge manifested an intent to grant a surrogate the power to judge, there is no "color of authority," a total lack of authority of such surrogate exists, and the judgment of such surrogate is a nullity. I believe the majority misreads precedent of this Court when it concludes that in the absence of the intent of an elected or appointed judge that it be so, the judicial power to enter judgment in the particular case can arise in some lawyer or court attache, through the inaction, intent, or desire of the parties.

In the *Briscoe* case, the court commissioner served in the case pursuant to pro-tem appointments constituting the express intention of the regular judge. The commissioner was qualified and authorized to sit in the case, and Briscoe's direct appellate claim to the contrary is properly rejected.

In the *Dearman* case, the court commissioner, while claiming to be a special judge, was in fact authorized at the time he acted by an appointment as judge pro-tem, constituting the express intention of the regular judge. The commissioner was qualified and acted with authority.

In the *Floyd* case, a complete record of proceedings fails to disclose that the regular judge manifested an intent to authorize the court commissioner to act in the case. There was no color of authority. There was no objection in the trial court to the action of the commissioner. There need not have been. The judgment and sentence is a nullity, and upon the waiver of double jeopardy by post-conviction petition, I would grant post-conviction relief and remand for trial upon the charges. The *Hatcher, Manley,* and *Marlett* cases are the same as the *Floyd* case for these purposes, and as such should receive the same treatment.

In the *Roby* case, the regular judge manifested the intent by order that the attorney who presided over the trial serve at the time as judge pro-tem. There was no like intent manifest when, on a later date, the same lawyer sentenced Roby. In my opinion, the lawyer had no authority to sentence appellant on a day that had not been contemplated by the regular judge. The sentence is a nullity. I would remand with instructions to sentence Roby anew.

I respectfully dissent.