## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 10 2018, 10:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Andrew B. Howk
Matthew M. Schappa
Hall, Render, Killian, Heath & Lyman
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Civil Commitment of A.L.,

*Appellant,*

v.

St. Vincent Hospital and Health Care Center, Inc., St. Vincent Stress Center,

*Appellee.*

October 10, 2018

Court of Appeals Case No. 18A-MH-1147

Appeal from the Marion Superior Court

The Honorable Kelly Scanlan, Commissioner

Trial Court Cause No. 49D08-1804-MH-14159

**Pyle, Judge.**

# Statement of the Case

A.L. ("A.L.") appeals the trial court's order temporarily involuntarily committing her. She specifically argues that the order is defective because it lacked the trial judge's signature and contained only the signature of a commissioner. Concluding that A.L. has waived appellate review of this issue because she failed to timely object to the commissioner's order, we affirm the trial court's order.

We affirm.

# Issue

Whether A.L. has waived appellate review of her argument because she failed to timely object to the commissioner's order.

# Facts and Decision

In April 2018, Commissioner Kelly M. Scanlon ("Commissioner Scanlon") signed an order temporarily committing A.L. to St. Vincent Hospital and Health Care Center. A.L. appeals and argues that this order is defective because it contained only the signature of Commissioner Scanlon and lacked the required trial judge's signature. *See* INDIANA CODE § 33-23-5-8. The State responds that A.L. has waived appellate review of this issue because she did not timely object to the commissioner's order. We agree with the State.

"'[I]t has been the long-standing policy of [the Indiana Supreme Court] to view the authority of the officer appointed to try the case not as affecting the

jurisdiction of the court' – and so 'the failure of a party to object at trial to the authority of a court officer to enter a final appealable order waives the issue for appeal.'" *In re Adoption of I.B.*, 32 N.E.3d 1164, 1173 n.6 (Ind. 2015) (quoting *Floyd v. State*, 650 N.E.2d 28, 32 (Ind. 1994)). "[A]ny objection to the authority of an adjudicative officer must be raised at the first instance the irregularity occurs, or at least within such time as the tribunal is able to remedy the defect." *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 231 (Ind. Ct. App. 2010) (citing *Floyd*, 650 N.E.2d at 33), *trans. denied*. In *Hicks*, this Court held that a party had waived a claim of error because it failed to timely object to an order signed by a magistrate but not a judge. *Hicks*, 932 N.E.2d at 231. Here, as in *Hicks*, A.L. failed to timely object to the commissioner's order. A.L. has therefore waived appellate review of this issue.

[5] Affirmed.

[6] Najam, J., and Crone, J., concur.