# FOR PUBLICATION



FILED

Sep 30 2013, 5:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAN BARTEAU BERG**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**KATHERINE A. HARMON**
**JARED S. SUNDAY**
Mallor Grodner, LLP
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

WILLIAM A. ASHER,                                )
                                                 )
    Appellant-Respondent,                        )
                                                 )
        vs.                                  )     No. 49A04-1302-DR-71
                                                 )
STEPHANIE J. COOMLER,                            )
                                                 )
    Appellee-Petitioner.                         )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable James B. Osborn, Judge
The Honorable Kimberly D. Mattingly, Magistrate
Cause No. 49D14-0108-DR-1367

**September 30, 2013**

**OPINION - FOR PUBLICATION**

**RILEY, Judge**

Appellant-Respondent, William Asher (Father), appeals the trial court's Order on Appellee-Petitioner's, Stephanie Coomler (Mother), verified petition for post-secondary educational costs and Father's verified petition for modification of decree of dissolution and marital settlement agreement.

We reverse and remand with instructions.

## ISSUE

Father raises four issues, one of which we find dispositive and restate as the following: Whether Father was denied a special judge to preside over the proceedings.

## FACTS AND PROCEDURAL HISTORY

On December 28, 2001, Father and Mother's marriage was dissolved. Two children were born during the marriage: T.A. and A.A., who will turn nineteen years old in 2013 and 2015. Mother was awarded custody of both children. Both parties subsequently remarried. In the fall of 2012, T.A. commenced studies at Indiana State University (ISU).

On June 27, 2012, Mother filed her verified petition for establishment of college expenses in the Marion County Superior Court, alleging that the parties' divorce decree had not addressed payment of the children's college expenses and that the parties were unable to come to an agreement. On July 26, 2012, Father filed a motion for change of venue from the judge under Indiana Trial Rule 76. On August 3, 2012, Father filed his

verified petition for modification of the decree, seeking modification of his obligations for child support and payment of uninsured medical expenses.

On August 6, 2012, the trial court granted Father's petition under T.R. 76 and provided a panel of Marion County Superior Court judges for the parties' selection. After the parties struck two judges, the trial court appointed the remaining judge, the Honorable S.K. Reid, as special judge. On September 14, 2013, the case was transferred to Judge Reid's court. On October 12, 2013, the trial court issued its order to appear, signed by Magistrate Kimberly Mattingly.

On December 11, 2012, the parties appeared for a hearing on their respective motions. Magistrate Mattingly presided but Father's counsel was "totally unaware until [she] walked in today that [the magistrate] were going to be hearing it." (Transcript p. 7). Father's counsel sought a continuance because a special judge had been appointed and she "believe[d] it needs to be in front of the [s]pecial [j]udge." (Tr. p. 7). Mother's counsel argued that Father's counsel had not filed a request for the matter to be heard by the presiding judge, despite the fact that the matter had been pending since October 2012. In denying Father's counsel's request, Magistrate Mattingly explained:

> [MAGISTRATE MATTINGLY]: There is a statute on the books that says when a case is filed, any party may request the elected judge. If they do not, then they get what they get. And it's that versus yes, there's a Trial Rule that covers the [s]pecial [j]udge procedure. Both of the elected judges in the courts to where I am assigned, believe that the correct application of that is that unless the party filed back when the case was initiated in 2001, to request the elected judge, then they no longer have the right to a choice of which judicial officer hears the case. [...]. Judge Reid either way would not hear it, she's retiring, so she's out. She has a few cases and things to wrap up yet this year so if I did not hear it today, we continue till at least

3

January and then I don't know what the elected [j]udge coming into this [c]ourt, what his policy will be. […].

[FATHER'S COUNSEL]: […] I believe by the [Trial Rules], if Judge Reid were retiring, or otherwise unavailable, then we would go back through the procedure as it's prescribed by the Trial Rules.

[MAGISTRATE MATTINGLY]: No, the cases generally stay in the [c]ourt to which they're assigned. Because we have [j]udges move throughout our system all the time and the cases stay there. If the parties agree then a case can go, I've seen plenty and have taken them with me too when I move from [c]ourt to [c]ourt. If the parties agreed, then the case goes with that [j]udicial [o]fficer. But in the past, Marion County has not done that, sent that back through the [s]pecial [j]udge process. I'm not saying Marion County's right about that. [I]f the [c]ourt of [a]ppeals comes and tells us we're wrong, we'll have to do things differently. […].

(Tr. pp. 9-10). The parties thereafter presented evidence, but prior to the completion of the hearing, Father's counsel requested a continuance, which the trial court granted.

On January 18, 2013, a second hearing was held, with Magistrate Mattingly presiding. However, Father did not object and the matter was concluded. On January 23, 2013, the trial court issued its Order, which was signed by both Magistrate Mattingly, recommending the Order for approval, and Marion County Superior Court Judge James Osborn, approving the Order. The Order addressed Father's child support and post-secondary educational expense obligation. Regarding child support, the trial court concluded that Father had not shown "a 20% difference from the amount Father currently pays" and declined to modify his child support obligation. (Appellant's App. p. 11). Regarding post-secondary educational expenses, the trial court deemed tuition, room and board, and required fees to be the parents' responsibility and ordered Father to pay 78%

4

of such costs and reimburse Mother for those costs she or her current husband advanced on T.A.'s behalf.

Father now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Father argues that the trial court's Order must be reversed because Magistrate Mattingly, rather than the special judge, Judge Reid, presided over the proceedings. Father asserts that Judge Reid was "the only judicial officer with jurisdiction to hear the case." (Appellant's Br. p. 9). In response, Mother argues that Judge Reid never relinquished jurisdiction and therefore a magistrate could preside over the hearings.

Trial Rule 79 provides the "exclusive manner for the selection of special judges in circuit, superior, and probate courts" when the appointment of a special judge is required under T.R. 76. Trial Rule 79 outlines various procedures for the appointment of a special judge, including the selection of the special judge from a panel. *See* T.R. 79(F). Once the special judge is selected, the filing of acceptance vests jurisdiction in the special judge. *See* T.R. 79(G).

Here, Father filed a motion for change of venue from judge under T.R. 76(B), which permits a change from the judge upon "the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney." On August 6, 2012, the trial court submitted a panel to the parties for striking, which consisted of Judge Ayers, Judge Reid, and Judge Dreyer. On August 13, 2012, Mother struck Judge Ayers from the panel. On August 21, 2012, Father struck Judge Dreyer

5

from the panel. That same day, the trial court appointed Judge Reid to serve as special judge. The CCS reflects that the case was transferred on September 4, 2012. The parties do not dispute that Judge Reid was the duly appointed special judge and possessed jurisdiction.

On December 11, 2012, the parties appeared for the first hearing; however, Magistrate Mattingly presided and Father objected. In overruling Father's objection, Magistrate Mattingly explained that "[t]here is a statute on the books that says when a case is filed any party may request the elected [j]udge." (Tr. p. 9). We presume that the magistrate referred to Ind. Code § 33-33-49-32(c),[1] which governs transfer of the case from the magistrate to a judge elected to the Marion County Superior Court.

We disagree that I.C. § 33-33-49-32(c) applies under these circumstances and instead conclude that Judge Reid, the special judge, or those judicial officials designated in T.R. 79(I) could preside over the hearing. Trial Rule 79(I) provides, in relevant part, as follows:

---

[1] Ind Code § 33-33-49-32(c) provides as follows:

(c) A party to a [Marion County] superior court proceeding that has been assigned to a magistrate appointed under this section may request that an elected judge of the superior court preside over the proceeding instead of the magistrate to whom the proceeding has been assigned. A request under this subsection must be in writing and must be filed with the court:

   (1) in a civil case, not later than:

      (A) ten (10) days after the pleadings are closed; or

      (B) thirty (30) days after the case is entered on the [CCS], in a case in which the defendant is not required to answer;

Upon a timely request made under this subsection by either party, the magistrate to whom the proceeding has been assigned shall transfer the proceeding back to the superior court judge.

6

(2) In the event that a special judge assumes jurisdiction and is thereafter unavailable *for any reason on the date when a hearing or trial is scheduled*;

    a. the special judge may, as appropriate, appoint a judge *pro tempore*, temporary judge, or senior judge of the court where the case is pending, provided such judge is otherwise eligible to serve and has not previously had jurisdiction of the case removed from them pursuant to the Rules of Trial Procedure, or

    b. the regular judge of the court where the case is pending may assume temporary jurisdiction, provided such judge is otherwise eligible to serve and has not previously had jurisdiction of the case removed pursuant to the Rules of Trial Procedure.

T.R. 79(I)(2) (emphasis added). Here, Judge Reid assumed jurisdiction and was unavailable for the December hearing. By the express terms of T.R. 79(I)(2)(a), only a judge *pro tempore*, temporary judge, a senior judge appointed by Judge Reid could preside under such circumstances. Further, T.R. 79(I)(2)(b) is inapplicable since Judge Reid was the regular judge of Civil Division 14 at the time of hearing. Because a magistrate is not within the class of judicial officers specified in T.R. 79(I)(2), Magistrate Mattingly could not preside at the hearing.

Furthermore, T.R. 79(I) addresses situations where the special judge is unavailable and those judicial officers do not assume jurisdiction. "If the regular judge, judge *pro tempore*, temporary judge, or senior judge does not assume jurisdiction under this section, such hearing or trial shall be reset to a date when the special judge is available." T.R. 79(I). Because Judge Reid was unavailable and no judicial officer named in T.R. 79(I)(2) presided in her stead, the matter had to "be reset when the special judge is available." T.R. 79(I). This did not occur.

7

However, Mother argues that Father knew that Magistrate Mattingly would preside as early as October 12, 2012 and therefore waived his objection to the magistrate presiding. Because Father objected to Magistrate Mattingly presiding over the case at the first hearing, no further objections were required. *See Smith v. Lake Cty*., 807 N.E.2d 53, 58 (Ind. Ct. App. 2004). Therefore, the Order is without legal effect. *See id*. Accordingly, we reverse and remand with instructions to the trial court to permit the parties to select a successor special judge in accordance with the procedures specified in T.R. 79(I)(1).

## CONCLUSION

Based on the foregoing, we conclude that Father was denied a special judge to preside over the proceedings. We therefore reverse and remand with instructions to the trial court to permit the parties to select a special judge pursuant to T.R. 79(I)(1).

Reversed and remanded with instructions.

KIRSCH, J. and ROBB, C. J. concur