## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 14 2015, 8:38 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Ulrich Tibaut Houzanme
Indianapolis, Indiana

APPELLEE PRO SE

Sally Houzanme
Tell City, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ulrich Tibaut Houzanme, <br> *Appellant-Respondent,* <br><br> v. <br><br> Sally Jo Houzanme, <br> *Appellee-Petitioner.* | October 14, 2015 <br><br> Court of Appeals Cause No. <br> 49A04-1505-DR-434 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable James A. Joven, Judge <br> The Honorable Kimberly Dean Mattingly, Magistrate <br><br> Trial Court Cause No. <br> 49D13-0605-DR-19580 |

**Barnes, Judge.**

# Case Summary

[1] Ulrich Tibaut Houzanme appeals the trial court's denial of his motion for modification of child custody and support. We affirm.

# Issue

[2] Ulrich raises two issues, which we consolidate and restate as whether the trial court had jurisdiction to hear his motion for modification.

# Facts

[3] Sally Houzanme and Ulrich's marriage was dissolved in 2007, and Sally was granted legal and physical custody of their child. Sally later filed a petition for modification, which the trial court granted. Ulrich appealed the trial court's modification of his parenting time and child support. On appeal, we held that we were unable to appropriately review the order because it lacked explanation for deviations. *Houzanme v. Houzanme*, No. 49A02-0802-CV-131, slip op. p. 5 (Ind. Ct. App. Nov. 14, 2008). We remanded to the trial court for a more specific order. *Id.* at 6. Following our order, Judge Patrick McCarty of Marion Superior Court, Civil Division 3, entered an order in compliance with our instruction.[1] Judge McCarty then recused, and Judge S.K. Reid of Marion Superior Court, Civil Division 13, was appointed as special judge. In 2013, Judge James Joven replaced Judge Reid in Civil Division 13.

---

[1] We were not provided with this order in the Appellant's Appendix.

In September 2014, Sally filed a motion to determine the amount of child support arrearage. In October 2014, Ulrich filed petitions for contempt against Sally and a motion to modify. A hearing was held in October 2014 before Magistrate Caryl Dill. At the hearing, Ulrich requested a continuance so that he could obtain an attorney, and Magistrate Dill granted the request. Ulrich was also ordered to reimburse Sally's travel expenses and lost wages.

In January 2015, the parties reached an agreed entry on parenting time. The earlier hearing was continued several times, and in March 2015, Ulrich filed a motion to modify child custody and support. A hearing was held on April 9, 2015, before Magistrate Kimberly Mattingly. Ulrich was represented by counsel at the hearing and did not raise any issue regarding Magistrate Mattingly presiding over the matter. On April 28, 2015, Judge Joven and Magistrate Mattingly signed an order that, among other things, denied the request to modify legal custody and modified child support. Ulrich now appeals.

## Analysis

Ulrich argues that Magistrate Mattingly did not have jurisdiction to hear his petition for modification. According to Ulrich, under Indiana Trial Rule 79 and *Asher v. Coomler*, 994 N.E.2d 1283 (Ind. Ct. App. 2013), only the special judge, now Judge Joven, could preside over the matter. In *Asher*, we held that the magistrate improperly presided over a hearing instead of the special judge over a party's objection. *Asher*, 994 N.E.2d at 1286-87. Ulrich argues that his due process rights were violated by Magistrate Mattingly presiding over the case

instead of Judge Joven.  He asks that we reverse the order and remand for a new hearing.[2]

Sally responds that Ulrich's argument is waived because he did not raise it to the trial court.[3]  In support of her argument, Sally relies upon *Floyd v. State*, 650 N.E.2d 28 (Ind. 1994).  In *Floyd*, our supreme court held: "The proper inquiry for a reviewing court when faced with a challenge to the authority and jurisdiction of a court officer to enter a final appealable order is first to ascertain whether the challenge was properly made in the trial court so as to preserve the issue for appeal."  *Floyd*, 650 N.E.2d at 32.  "[I]t has been the long-standing policy of this court to view the authority of the officer appointed to try a case not as affecting the jurisdiction of the court."  *Id.*  "Therefore, the failure of a party to object at trial to the authority of a court officer to enter a final appealable order waives the issue for appeal."  *Id.*  More recently, our supreme court held that a post-conviction petitioner had waived his claim that a magistrate who issued several orders in his case lacked authority over his post-conviction proceedings because a special judge had been assigned to hear the

---

[2] Ulrich also seems to argue that Magistrate Mattingly erred with respect to the health insurance premiums, lost wages and travel expenses, and legal custody.  However, Ulrich cites nothing in the record and cites no standard of review or authority.  These contentions are waived for failure to make cogent argument.  *See* Ind. Appellate Rule 46(A)(8)(a).

[3] In his reply brief, Ulrich argues that we should not consider the Appellee's Brief because it was untimely.  However, Sally filed a motion to file the belated brief, which this court granted.  Ulrich also argues that Sally failed to serve him with her Appellee's Brief and that this court failed to serve him with its order granting Sally's request to file a belated brief.  However, Sally's brief includes a certificate of service indicating that she served Ulrich with her brief.  Ulrich does not dispute that he obtained Sally's Appellee's Brief and filed a timely Reply Brief or that he suffered any prejudice.  Consequently, we will consider Sally's arguments.

case. *Tapia v. State*, 753 N.E.2d 581, 588 (Ind. 2001). The post-conviction petitioner waived any claims in regards to the magistrate's authority because he failed to object. *Id.*; *see also City of Indianapolis v. Hicks*, 932 N.E.2d 227, 231 (Ind. Ct. App. 2010) ("Our supreme court has long held that defects in the authority of a court officer, as opposed to the jurisdiction of the trial court itself, to enter a final order will be waived if not raised through a timely objection."), *trans. denied*.

[8] We agree with Sally. Unlike in *Asher*, Ulrich did not timely object to Magistrate Mattingly presiding over the hearing. Consequently, he waived any claim regarding the magistrate's authority.[4]

## Conclusion

[9] Ulrich waived any claim regarding Magistrate Mattingly presiding over the matter. We affirm.

[10] Affirmed.

Kirsch, J., and Najam, J., concur.

---

[4] Ulrich also argues that Magistrate Dill was not authorized to hear the matter in October 2014, but he did not timely object to Magistrate Dill presiding over that hearing either.