

I N T H E

# Court of Appeals of Indiana

In the Matter of P.R., E.R., and R.R. (Minor Children),
(Children in Need of Services), and T.R. (Father),

*Appellant-Respondent*

FILED

Aug 18 2025, 9:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

Indiana Department of Child Services,

*Appellee-Petitioner*

---

August 18, 2025

Court of Appeals Case No.
25A-JC-825

Appeal from the Hamilton Superior Court

The Honorable Valorie Hahn, Magistrate

Trial Court Cause Nos.
29D01-2408-JC-1189, -1190, -1191

---

**Opinion by Judge Bailey**

Judges Brown and Weissmann concur.

**Bailey, Judge.**

# Case Summary

[1] The Indiana Department of Child Services ("DCS") filed in Hamilton Circuit Court a request for authorization to file a petition alleging that three minor children of T.R. ("Father") are children in need of services ("CHINS"). A circuit court magistrate presided at the initial hearing and authorized the filing of the petition and for DCS to take custody of the children, P.R., E.R., and R.R. (collectively, "the Children").[1] Father then filed a motion for change of judge. The circuit court judge granted the motion and transferred the case to a Hamilton Superior Court judge.

[2] The superior court judge was unavailable to preside at a review hearing and appointed a superior court magistrate—who was also the abovementioned circuit court magistrate—to preside in his place. Father objected to this arrangement, and the magistrate overruled the objection. The same thing happened with the CHINS fact-finding hearing, and the magistrate again

---

[1] Neither P.R.'s mother nor E.R. and R.R.'s mother participates in this appeal, so we recite only the facts relevant as to Father.

overruled Father's objection. Afterward, the magistrate found the Children to be CHINS and issued a dispositional order.

[3] On appeal, Father argues that the magistrate should not have presided at the review hearing and the fact-finding hearing after his motion for change of judge was granted. We agree and therefore reverse and remand.

## Facts and Procedural History

[4] On August 29, 2024, DCS filed in Hamilton Circuit Court a request for authorization to file a petition alleging that the Children are CHINS. Andrew Bloch was the circuit court judge. In Hamilton County, magistrates are "jointly appoint[ed]" by the circuit court judge and the superior court judges "to serve the circuit and superior courts." Ind. Code § 33-33-29-6(a). On August 30, Magistrate Valorie Hahn presided at the initial hearing and issued an order authorizing the filing of the CHINS petition and for DCS to take custody of the Children. Magistrate Hahn issued several additional orders on that date.

[5] On September 3, Father timely filed a motion for change of judge pursuant to Indiana Trial Rule 76(B). On September 6, Judge Bloch issued an order that reads in pertinent part,

> [T]he Court now Orders a Change of Judge in this matter[.]
> Hamilton County Local Rules provide Juvenile Matters can be in
> Hamilton Circuit Court and Hamilton Superior Court No. 1.
> Pursuant to local rule, this matter is hereby transferred to

Hamilton Superior Court No. 1.[2] The Honorable Michael Casati is requested to qualify and assume jurisdiction over this matter.

Appellant's App. Vol. 2 at 97. Judge Casati took over the case and issued several orders, including one appointing a guardian ad litem and another denying a motion to dismiss.

[6] On November 4, Judge Casati issued a notice stating that, due to his unavailability, a review hearing set for November 6 "shall be presided over by Magistrate Valorie Hahn." Appellant's App. Vol. 2. at 144.[3] At the beginning of the hearing, Father's counsel objected, stating, "We filed a Change of Judge in this motion and we don't believe that this Court has jurisdiction to hear this matter." Tr. Vol. 2 at 31. In response, Magistrate Hahn invoked Indiana Trial Rule 79(I), which governs the unavailability of special judges. Magistrate Hahn stated, "[U]nder 79(I) [if a special judge is] unavailable they can appoint a magistrate or other judicial officer to hear the case. 79(I) specifically states that.

---

[2] *See* Hamilton County Trial Rule 209.30.10 ("If the case was originally filed in a court of record in Hamilton County, then the judge will be selected randomly from among the regular judges of Hamilton County, subject to existing local rules regarding case allocation and transfer."); Hamilton County Juvenile Rules 801.30 (stating that court clerk "shall file all cases involving juveniles with last names beginning with the letters A-K in Hamilton County Superior Court No. 1 and cases involving juveniles with last names beginning L-Z shall be filed in Hamilton Circuit Court"), 801.70 ("When a Judge disqualifies or recuses from a juvenile case, the Clerk shall reassign to another court pursuant to this rule[.] When the disqualification or recusal is by the Judge of Hamilton Circuit Court, the Clerk shall reassign such case [to] the Hamilton Superior Court No. 1. Upon disqualification or recusal [] by the Judge of the Hamilton Superior Court No. 1, the Clerk shall reassign such case to the Hamilton Circuit Court."), and 801.80 ("In the event the above reassignment is not permitted and the subsequent reassignment is required, said case reassignment shall be achieved by obtaining a new court assignment from the remaining Hamilton County Courts using a random assignment procedure.").

[3] Father asserts, and DCS does not dispute, that "[t]hough juvenile matters are filed in the Circuit Court and Superior Court One, Magistrate Hahn hears all the CHINS cases." Appellant's Br. at 18.

Judge Casati did an entry stating he was unavailable and putting it on my calendar so we are going to proceed today." Tr. Vol. 2 at 32.

[7] Thereafter, both Judge Casati and Magistrate Hahn issued various orders in the case. On November 25, Judge Casati issued a notice stating that, due to his unavailability, Magistrate Hahn would preside over the CHINS fact-finding hearing set for November 26. At the beginning of the hearing, Father's counsel again objected to "this Court's jurisdiction of hearing this matter." *Id*. at 158. Magistrate Hahn overruled the objection and proceeded with the hearing. Additional evidence was presented on December 5, and Father's counsel once more objected to Magistrate Hahn hearing the matter. Tr. Vol. 3 at 142. Once more, the objection was overruled. *Id*. On January 17, 2025, Magistrate Hahn issued an order finding the Children to be CHINS. On March 10, after a hearing, Magistrate Hahn issued a dispositional order. This appeal ensued.

## Discussion and Decision

[8] At bottom, Judge Casati's appointment of Magistrate Hahn to preside over the review hearing and the fact-finding hearing, and Magistrate Hahn's overruling of Father's objections to that appointment, are based on the judicial officers' interpretation of Trial Rule 79(I). Accordingly, our review is de novo. *See Morrison v. Vasquez*, 124 N.E.3d 1217, 1219 (Ind. 2019) ("Interpretation of our trial rules is a question of law that we review *de novo*.").

[9] "The rules of statutory construction are applicable to the interpretation of trial rules." *Coronado v. Coronado*, 243 N.E.3d 1121, 1124 (Ind. Ct. App. 2024).

When construing the meaning of a rule, our objective is to ascertain and give effect to the intent underlying the rule. *Id*. "If the language of the rule is clear and unambiguous, it is not subject to judicial interpretation." *Id*. at 1125 (quoting *Carter-McMahon v. McMahon*, 815 N.E.2d 170, 175 (Ind. Ct. App. 2004)). We do not presume that the language was intended to be applied illogically or to bring about an unjust or absurd result. *Anderson v. Gaudin*, 42 N.E.3d 82, 86 (Ind. 2015). "Rules are to be construed together and harmoniously whenever possible." *Coronado*, 243 N.E.3d at 1124.

[10] Trial Rule 79(I) reads in pertinent part as follows:

> **(I) Discontinuation of Service or Unavailability of Special Judge.**
>
> ….
>
> (2) In the event that a special judge assumes jurisdiction and is thereafter unavailable for any reason on the date when a hearing or trial is scheduled:
>
>> (a) the special judge may, as appropriate, appoint a judge pro tempore, temporary judge, magistrate, or senior judge of the court where the case is pending, *provided such judge or magistrate is otherwise eligible to serve and has not previously had jurisdiction of the case removed from them pursuant to the Rules of Trial Procedure,* or
>>
>> (b) the regular judge of the court where the case is pending may assume temporary jurisdiction, provided such judge is otherwise eligible to serve and has not previously had jurisdiction of the case removed pursuant to the Rules of Trial Procedure.

> If the regular judge, judge pro tempore, temporary judge, magistrate, or senior judge does not assume jurisdiction under this section, such hearing or trial shall be reset to a date when the special judge is available.

(Italicized emphasis added.)

Father concedes that "Trial Rule 79(I) did allow Judge Casati to have a magistrate cover a hearing in a special judge case[,]" but he contends that the rule "does not allow for it to be the same magistrate that previously heard the merits of the case." Appellant's Br. at 19. We agree. To hold otherwise would frustrate the purpose of the change-of-judge provisions of Trial Rule 76(B) and disregard the express language of Trial Rule 79(I).

Trial Rule 76(B) provides in relevant part,

> In civil actions, where a change may be taken from the judge, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the judge.

Father points out that "[t]his is one of the few methods of relief civil litigants can utilize to vary from the case allocations adopted by each county." Reply Br. at 4.

Aside from the power of judicial mandate, "a magistrate has the same powers as a judge." I.C. § 33-23-5-8.5.[4] When Father filed his motion for change of judge in Hamilton Circuit Court, Magistrate Hahn was the only judicial officer who had had any involvement with his case; she had authorized the filing of the CHINS petition and for DCS to take custody of the Children. Accordingly, we must conclude that in transferring the case to Judge Casati, Judge Bloch removed "jurisdiction of the case" from Magistrate Hahn (and, of course, himself) for purposes of Trial Rule 79(I).[5] And in appointing Magistrate Hahn to preside over the review hearing and the fact-finding hearing, Judge Casati

---

[4] This statute was enacted in 2020. Father asserts, and DCS does not dispute, that "[o]ur Indiana case filing system and most local rules do not allow for cases to be directly filed into 'magistrate' courts. These cases are assigned to magistrate dockets by the elected judge." Appellant's Br. at 18. Father further observes,

> Prior to 2020, the elected judge would countersign most of the final appealable orders that magistrates issued. That countersignature is no longer necessary and, as a result, there is very little case by case oversight of the elected judge when a magistrate handles all the cases of a particular case type.

*Id.*

[5] In *K.S. v. State*, our Supreme Court clarified that Indiana trial courts possess only two types of jurisdiction: subject matter jurisdiction ("the power to hear and determine cases of the general class to which any particular proceeding belongs") and personal jurisdiction (which "requires that appropriate process be effected over the parties"). 849 N.E.2d 538, 540 (Ind. 2006). Neither type of jurisdiction is implicated here. As used in Trial Rule 79(I), the phrase "jurisdiction of the case" is more properly framed as "authority to preside over the case."

nullified Judge Bloch's order granting Father's motion for change of judge and violated both the letter and the spirit of Trial Rule 79(I)(2)(a).[6]

[14] As a remedy for this violation, Father asks that we "vacate all orders in this case issued after September 6, 2024 [i.e., when Judge Bloch granted his motion for change of judge] and reverse the dispositional order." Appellant's Br. at 21. DCS contends that "if Father is entitled to any relief, he is only entitled to have orders issued after November 4, 2024, vacated." Appellee's Br. at 13. We agree with DCS. No ultra vires action occurred until Judge Casati issued a notice on that date that Magistrate Hahn would preside at the November 6 review hearing. Accordingly, we reverse and remand with instructions to vacate all orders issued after November 4, 2024. *See Asher v. Coomler*, 994 N.E.2d 1283, 1287 (Ind. Ct. App. 2013) (holding that order issued by magistrate was "without legal effect[,]" where appellant was improperly "denied a special judge to preside over the proceedings").

---

[6] For its part, DCS asserts that Father was "on notice that Magistrate Hahn was not exclusively assigned to Hamilton Circuit Court" and that Father's motion for change of judge "made no request for an additional change of magistrate." Appellee's Br. at 9. In response, Father observes that a magistrate's authority "is an extension of the elected judge's constitutional [authority]" and that "[t]here is not now, and never has been, a required 'change in magistrate' motion in rule or case law." Reply Br. at 7. Father suggests, and we agree, that requiring a party to "list the presiding judge and all the magistrates from which a change is requested" is "contrary to the language of" Trial Rule 76. *Id*. We note that in some counties, magistrates are appointed separately by the circuit and superior court judges to serve their respective courts. *See* I.C. §§ 33-33-2-3, -14 (Allen); 33-33-45-2, -10, -11 (Lake); 33-33-49-2, -31, -32 (Marion); 33-33-64-23 (Porter); 33-33-71-3, -69 (St. Joseph); 33-33-82-3, -6 (Vanderburgh).

Reversed and remanded.

Brown, J., and Weissmann, J., concur.

ATTORNEY FOR APPELLANT

Lisa Diane Manning
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

John R. Oosterhoff
Deputy Attorney General
Indianapolis, Indiana